The COCA–COLA BOTTLING COM-
PANY OF GALLUP, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

Inez A. PHILLIPS, as Guardian of the
Estate of Gayle J. Russell, Minor,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

Nos. 88–70, 89–70.

United States Court of Appeals,
Tenth Circuit.

June 18, 1971.

E. Douglas Latimer, Albuquerque, N.
M. (McAtee, Marchiondo & Michael, Al-
buquerque, N.M., with him on the
brief, plaintiffs-appellants.

Kenneth L. Gross, Atty., Dept. of Jus-
tice (Johnnie M. Walters, Asst. Atty.
Gen., Lee A. Jackson and Harry Baum,
Attys., Dept. of Justice, and Victor R.
Ortega, U. S. Atty., of counsel, with him
on the brief), for defendant-appellee.

Before BREITENSTEIN, Mc-
WILLIAMS, and DOYLE, Circuit
Judges.

BREITENSTEIN, Circuit Judge.

These consolidated cases seek refunds
of federal income taxes paid. The dis-
trict court, sitting without a jury, de-
nied recovery to appellant The Coca-Cola
Bottling Company of Gallup (Gallup
Company), a wholly owned subsidiary of
Coca-Cola Bottling Company of Albu-
querque (Albuquerque Company), and
allowed a refund to appellant Phillips as

guardian of a stockholder of Albuquerque Company.

For several years before 1963 Albuquerque Company operated under a Coca-Cola franchise in Albuquerque. In 1962 it purchased from the Durango Coca-Cola Bottling Company the Coca-Cola franchise for the Gallup, New Mexico, area. The national Coca-Cola Company wanted the Gallup franchise to be held by a separate corporation. The Gallup Company was incorporated under New Mexico law on September 5, 1963, and on the next day the Albuquerque Company transferred to it the Coca-Cola franchise for the Gallup territory. Gallup Company had no employees or bank accounts and was operated as a division of Albuquerque Company.

■■■ The thrust of the argument of Gallup Company is that it was a sham corporation which conducted no business and had no taxable income. For federal income tax purposes, a corporation and its stockholders are separate taxable entities so long as the corporation serves any business function or engages in any business activity. Moline Properties, Inc. v. Commissioner of Internal Revenue, 319 U.S. 436, 438–439, 63 S.Ct. 1132, 87 L.Ed. 1499; and Skarda v. Commissioner of Internal Revenue, 10 Cir., 250 F.2d 429, 433–434. The doctrine of separate corporate tax identity applies not only as between a corporation and its individual stockholders but also between a subsidiary and a parent corporation. See e. g. National Carbide Corp. v. Commissioner of Internal Revenue, 336 U.S. 422, 433, 69 S.Ct. 726, 93 L.Ed. 779.

■ The record establishes that the Gallup Company served a business function and engaged in business activity. It held valuable property rights including the Coca-Cola franchise for the Gallup territory, real property, a bottling plant, and a water well. It filed federal and state income tax returns reporting gross income based on the rental value of its assets. It held itself out by advertisements and otherwise to be a local company. It borrowed money from a local bank and participated in the proceeds of a loan made by an individual in return for which it gave a mortgage covering its assets. Although the bottling and distribution of Coca-Cola and other products were done by Albuquerque Company and its personnel, those operations were done under the franchise held by Gallup Company. We are convinced that Gallup Company was a taxable entity separate and apart from its parent.

To sustain their position that Gallup Company was a sham, counsel cite a number of cases, e. g., Shaw Construction Company v. Commissioner of Internal Revenue, 9 Cir., 323 F.2d 316, where the challenge to the corporate entity was made by the taxing authorities. The Commissioner has greater freedom and responsibility to disregard the corporate entity than does either that corporate entity or its creator. See Commissioner of Internal Revenue v. State-Adams Corporation, 2 Cir., 283 F.2d 395, 398–399, cert. denied 365 U.S. 844, 81 S.Ct. 802, 5 L.Ed.2d 809. In our opinion, Gallup Company was organized for a business purpose, carried on business activities, and received taxable income. It cannot escape federal income tax liability on the theory that it was a sham.

We fail to see the pertinence of Subchapter S of the Internal Revenue Code of 1954, 26 U.S.C. § 1371 et seq. Albuquerque Company claims Subchapter S status on the basis that it was a small business corporation. A small business corporation is a "domestic corporation which is not a member of an affiliated group" and which meets certain other qualifications not relevant here. 26 U.S.C. § 1371(a). Section 1371(d) reads thus:

"For purposes of subsection (a), a corporation shall not be considered a member of an affiliated group at any time during any taxable year by reason of the ownership of stock in an-

other corporation if such other corporation—

(1) has not begun business at any time on or after the date of its incorporation and before the close of the taxable year, and

(2) does not have taxable income for the period included within such taxable year."

Congress added subsection (d) in 1964 to assure that a small business corporation would not be denied the available tax treatment merely because it owns stock in completely inactive subsidiaries. See Senate Report No. 830, 88th Cong., 2d Sess., 1 U.S.Cong. & Adm.News, '64, p. 1820. We are not concerned with the tax status of Albuquerque Company. If § 1371(d) has any application to Gallup Company, the record shows that Gallup Company began business, engaged in business, and received taxable income during the tax periods involved. The addition of subsection (d) in 1964 did not alter the rule announced in Moline Properties, supra.

Gallup Company argues at length that the district court penalized it for the acts of its agents in filing erroneous income tax returns and thereby caused it to lose the protection afforded by § 1371(d). We are not interested in its efforts to blame its accountant and lawyer. Albuquerque Company, not Gallup Company, elected to be treated as a Subchapter S corporation. The taxability of Gallup Company as a separate entity does not depend upon the submission of tax returns by its agents but rather on its formation for business purposes, its business activities, and its receipt of taxable income.

There is no need to consider the separate appeal of Phillips, the guardian of a stockholder in Albuquerque Company. The court entered judgment in her favor for exactly what she asked and the government does not contest that award. In the circumstances it makes no difference how the award was computed.

Affirmed.