LEALAND M. BLAIR AND JUNE BLAIR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blair v. Commissioner
Docket No. 1548-80.
United States Tax Court
T.C. Memo 1981-634; 1981 Tax Ct. Memo LEXIS 112; 42 T.C.M. (CCH) 1576; T.C.M. (RIA) 81634; October 27, 1981. Mary Biggs, for the petitioners. Elaine *113 Moriwaki, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $ 23,017, and an addition to tax under section 6651(a) for 1977 in the amount of $ 686. The issues for decision are (1) Whether petitioners are entitled to deductions for interest, taxes, and depreciation with respect to each of the *114 three rental properties; (2) whether petitioners are entitled to a theft loss deduction; (3) whether petitioners have adequately substantiated a claimed deduction for accounting fees; (4) whether petitioners are entitled to a deduction for the cost of attending seminars; and (5) whether petitioners are liable for the addition to tax provided by section 6651(a) for failure to timely file their 1977 return. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners were residents of Downey, California, at the time the petition was filed. During 1977, petitioners were involved in the purchase of three rental properties, referred to as the Bear Avenue, Seville Avenue, and Live Oak properties. Record title to the Bear Avenue and Seville Avenue properties was placed in the name of Rita Enterprises, Inc., a corporation whose stock was wholly owned by petitioners. Likewise, the instruments evidencing the underlying indebtedness incurred to finance the purchase price of these two properties reflected Rita Enterprises, Inc. as the owner of the properties and the obligor of the indebtedness. Title to the Live Oak property, as well as the note and *115 deed of trust regarding this property, was placed in the name of petitioners individually. The monthly principal and interest payments on all three properties, as well as the real property taxes, were made by Rita Enterprises, Inc. by checks drawn on the corporate bank account. All of the rental receipts from the three properties were paid to and retained by Rita Enterprises, Inc.
Rita Enterprises, Inc. was properly incorporated under California law. It maintained books and records, a corporate bank account and filed state and Federal tax returns. On their 1977 individual income tax return, petitioners deducted the interest and taxes paid by Rita Enterprises, Inc. with respect to all three properties. Petitioners also claimed depreciation deductions on the three properties, and included in their income the rents collected by the corporation from the tenants of the properties. On their return, petitioners claimed a theft loss deduction in the amount of $ 7,670. This deduction relates to the theft from petitioners' automobile on January 3, 1977, of 21 onehundred ounce silver ingots. The stolen silver ingots were part of a quantity of silver purchased by petitioner Lealand *116 Blair in 1973 from I.M.C. Mint Corporation, located in Salt Lake City, Utah. After its purchase by Mr. Blair, the silver was stored for a period of time by a storage company in Salt Lake City, and was later moved to a safe deposit box at the Bank of America in Downey, California. On January 3, 1977, petitioners drove to the Bank of America in Downey, removed 21 one-hundred ounce silver bars from their safe deposit box, and placed the bars in two suitcases in the back seat of their automobile. They then drove to the Glendale Federal Savings Bank in Downey, and briefly went into the bank to conduct some business. While petitioners were in the Glendale Bank the automobile was left in the parking lot, with the doors locked and the suitcases containing the silver bars in the back seat. When petitioners returned to their automobile, they found that the door on the passenger's side had been forced open and both suitcases containing the silver ingots had been removed. Petitioners immediately notified the police and their insurance company. The police investigation confirmed that the door of petitioners' automobile had been forced open by unknown persons. Petitioners' insurance company *117 paid only $ 100 with respect to the claimed loss, because the policy limited coverage for theft of cash, including silver, to that amount. Petitioners' original cost of the stolen silver bars was at least $ 7,670. The fair market value of the stolen silver at the time of the theft was approximately $ 15,000. On their 1977 return, petitioners claimed a deduction of $ 1,085 which represented fees paid to Allen Hammond, a CPA, during the year 1977. These fees related to Mr. Hammond's representation of petitioners in connection with a prior year's audit. Petitioners also claimed a deduction in the amount of $ 3,000 representing expenditures incurred in connection with petitioners' travel to Mexico and the Orient during 1977. Petitioner Lealand Blair was a dentist licensed to practice in the State of California during 1977, and the California Dental Association required petitioner to complete a minimum number of hours of approved courses in his field each year in order to maintain his license. Both trips involved seminars which were approved by the California Dental Association and which petitioner Lealand Blair utilized to satisfy his continuing education requirements. The *118 costs incurred in connection with these trips included expenses relating to both Mr. and Mrs. Blair. OPINION
Rental Property Deductions
On their 1977 individual tax return, petitioners deducted interest, real estate taxes, and depreciation on three pieces of rental property acquired during 1977. They also included in their 1977 gross income the amount of rents collected from the tenants of these properties. Two of the properties, Bear Avenue and Seville Avenue, were acquired in the name of Rita Enterprises, Inc., a corporation whose stock was entirely owned by petitioners. The instruments evidencing the indebtedness incurred to purchase these two properties were in the name of Rita Enterprises, Inc. The documents of title and indebtedness regarding the Live Oak property was placed in the names of petitioners individually. All rents collected from the properties were paid to and retained by Rita Enterprises, Inc. Likewise, all expenses, including the interest and real estate taxes whose deductibility is here in question, were paid by Rita Enterprises, Inc., The issue is whether petitioners are entitled to the deductions claimed on their 1977 individual return *119 for the interest, real estate taxes, and depreciation on each of the three properties. Petitioners argue that we should disregard the corporate entity, Rita Enterprises, Inc., and consider all three properties as having been owned and operated by petitioners individually. However, the fact that an individual owns all of a corporation's stock does not justify disregarding the corporation's existence for tax purposes, so long as the corporation serves a business purpose or actually engages in business. Rink v. Commissioner, 51 T.C. 746, 752 (1969). Moreover, "If the corporation was intended to, or did in fact, act in its own name with respect to property, its ownership thereof will not be disregarded." Strong v. Commissioner, 66 T.C. 12, 24 (1976). We held in Rink and Strong that only in rae cases where a taxpayer deliberately chooses the corporate form to own or operate property will the corporate entity be disregarded for tax purposes, and that the degree of business purpose or activity necessary for recognition of the corporate entity is not great, relying in this regard on the Supreme Court's opinion in Moline Properties v. Commissioner, 319 U.S. 436 (1943). *120 In this case, the testimony of petitioner Lealand Blair establishes that, with regard to the Bear Avenue and Seville properties, ownership was deliberately placed in the corporation for business purposes. The corporation was validly formed under state law, and was used throughout the year in question to operate the properties. Books and records were kept for the corporation, it had its own bank account, and it filed separate tax returns. At best, Mr. Blair simply has the view that since Rita Enterprises, Inc. is "his corporation" the rental units owned by it as well as the tax benefits flowing from the operation of those units should be his. This is simply not the law. Petitioners also argue that Rita Enterprises, Inc. should be treated as an agent acting on their behalf. Our recent opinion in Roccaforte v. Commissioner, 77 T.C. 263 (1981), provides guidance as to the factors which must be established in order for a viable corporate entity holding record ownership of property to be viewed as an agent for another taxpayer. Significant factors which led this Court to conclude in Roccaforte that the corporation involved there was holding an apartment complex *121 in an agency capacity included the fact that there was an express, written agency agreement between the corporation and the individuals involved, and it was disclosed to third parties dealing with the corporation that the corporation was acting with regard to the complex solely for the account of others. Moreover, the corporation did not collect operating revenues and pay operating expenses of the properties. In contrast, there is no evidence in this case of any agreement between petitioners and Rita Enterprises, Inc. that the corporation was to act solely as an agent in acquiring the rental properties. Likewise, there is no evidence that third parties dealing with Rita Enterprises, Inc. were led to believe that they were dealing with anyone other than the corporation acting on its own behalf. Indeed, aside from petitioners' self-serving and conclusory testimony that they intended the corporation to be their agent in acquiring and operating the properties, there is simply no evidence of record that Rita Enterprises, Inc. acquired the properties, incurred the indebtedness, and operated the rental units for anyone other than itself. Thus, the facts of this case are readily distinguishable *122 from those involved in Roccaforte, supra. Rather, the facts are more analogous to those involved in National Carbide Corp. v. Commissioner, 336 U.S. 422 (1949), where the Court, applying the tests later applied by this Court in Roccaforte, held that the taxpayers had failed to establish that a corporation should be treated as an agent, rather than a separate taxable entity for tax purposes. Accordingly, petitioners are not entitled to deductions for the interest and real estate taxes incurred by Rita Enterprises, Inc. in connection with its operation of the properties, nor to depreciation deductions on the Bear Avenue and Seville properties owned and operated by Rita Enterprises, Inc.
However, since we have concluded that the properties were being held by the corporation in its own right, and not by petitioners, then the rents which were actually paid to and retained by the corporation as its own should be included in the corporation's income, not petitioners'. We see no basis for respondent's denial of all deductions claimed by petitioners regarding the properties, but inclusion of the rents collected by the corporation in petitioners' *123 gross income. We recognize that record ownership of the Live Oak property, as well as the indebtedness regarding this property, was in the name of petitioners individually. However, title alone does not establish a taxpayer's entitlement to deductions regarding property. See Roccaforte v. Commissioner, supra.[3] The Live Oak property was actually held and maintained by Rita Enterprises, Inc., which collected the rents from the properties and paid the expenses. Since we have concluded that Rita Enterprises, Inc. cannot be disregarded as a separate entity for tax purposes, and that there is insufficient evidence to establish that Rita enterprises, Inc. was collecting rents and paying expenses on behalf of petitioners, it follows that petitioners are not entitled to deduct the interest and real estate taxes paid by the corporation in connection with its operation of the properties. Likewise, petitioners are not entitled to depreciation regarding the Live Oak property because petitioners as individuals neither used the property in their trade or business, nor was it held for the production of their income, as required by section 167. [4]
*124 Theft Loss Deduction
Respondent has disallowed petitioners' claimed theft loss deduction in the amount of $ 7,670 on the grounds that petitioners have not adequately substantiated that they suffered a theft of silver in the amount claimed during the year 1977. Thus, the issue is solely one of substantiation. We have concluded and found as a fact that petitioners purchased silver prior to the year 1977 and that a quantity of this silver was stolen from them during the year 1977. Mr. Blair's detailed testimony concerning his acquisition and loss of the silver is fully corroborated by documents evidencing the purchase of a large quantity of silver prior to the tax year in question, by both documentary evidence and testimony establishing he promptly reported the theft to his insurance company and to the local police, and by the results of the police investigation confirming that a forced entry of petitioners' automobile did occur. The evidence also establishes that petitioners' basis in the stolen silver was at least $ 7,670 and that the fair market value of the silver as of that date exceeded that amount. Accordingly, petitioners are entitled to the deduction as claimed. *125 Accounting Fees
The evidence establishes that petitioners paid $ 1,085 to their CPA during the year 1977 for representing petitioners before the Internal Revenue Service. These fees are deductible in full. Section 212(3). Education Expenses
Petitioners substantiated that they spent $ 4,122 in connection with travel to Mexico and the Orient during 1977, where at least part of the time was spent attending seminars relating to petitioner Lealand Blair's profession. Of the total amount spent, petitioners deducted $ 3,000 on their 1977 return. There appears to be no dispute that to the extent the expenses are directly attributable to costs incurred by Lealand Blair in connection with attending the seminars, they are deductible under section 162. However, we agree with respondent that petitioners have failed to prove that the expenses attributable to the travel of petitioner June Blair are deductible. The fact that June Blair worked to some extent in petitioner Lealand Blair's dental office is insufficient to establish that her travel to these seminars was an ordinary and necessary expense of either her husband's dental practice or her employment. See section 1.162-2(c), *126 Income Tax Regs.
We conclude that of the total cost substantiated, $ 1,500 is attributable to the expenses of Mr. Blair and is deductible. Section 6651(a) Addition to Tax
Petitioners presented no evidence that the late filling of their 1977 return was due to reasonable cause. Accordingly, we sustain the respondent's determination that petitioners are liable for the addition to tax provided by Section 6651(a). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedure of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. See also Adshead v. Commissioner, T.C.Memo. 1976-196↩. 4. See Adshead v. Commissioner, supra↩.