ALBERT J. WILLINGER and DOLORES L. WILLINGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Willinger v. Commissioner
Docket No. 26229-81.
United States Tax Court
T.C. Memo 1983-159; 1983 Tax Ct. Memo LEXIS 628; 45 T.C.M. (CCH) 1069; T.C.M. (RIA) 83159; March 23, 1983. *628 In January 1977, petitioner Albert J. Willinger began his own construction business. The business was operated as a sole proprietorship until July 1, 1977, when petitioner transferred the business to his wholly owned corporation in connection with a tax-free exchange under sec. 351, I.R.C. 1954. Held: The incorporation of the business was a "disposition" within the meaning of sec. 52(c), I.R.C. 1954; thus, petitioners are not entitled to a "new jobs" credit in 1977 based on the hiring of new employees to start the construction business. Sec. 1.52-2(a), Income Tax Regs.
Merrill E. Clements, for the petitioners. Thomas M. Rohall, for the respondent. FAY
OPINION FAY, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax: Year
Deficiency
1974
$2,460.00
1975
2,891.00
1976
2,983.00
1977
12,637.00
1978
1,921.00 After concessions, the remaining issue is whether petitioner are entitled to a "new jobs" credit in connection with starting their own construction business in 1977. [1] *629 The facts have been fully stipulated and are so found. Petitioners, Albert J. Willinger and Dolores L. Willinger, resided in Helena, Ark., when they filed their petition herein. Prior to 1977, petitioner Albert J. Willinger (petitioner) worked as an employee in the construction business. In January 1977, petitioner began his own construction business. The business was operated as a sole proprietorship until July 1, 1977, when petitioner transferred the business to his wholly owned corporation in connection with a tax-free exchange under section 351. [2] Thus, petitioner paid the wages of the business' employees during the first half of 1977 and his wholly owned corporation paid the wages during the latter half. As such, petitioner paid $146,185.00 in "unemployment insurance wages" (herein the qualified wages) as that term was defined in section 51(f). [3] *630 The record does not disclose the amount of wages paid by the corporation in 1977. For taxable years beginning in 1977 and 1978, section 44B authorizes a credit for the employment of certain new employees. The credit is determined by comparing the qualified wages paid by an employer in one year with those paid in the previous year. Generally, the credit is available when there is an increase in such wages. Based on the hiring of new employees to start his own construction business, petitioner claimed a "new jobs" credit of $36,547 on his 1977 Federal income tax return. In his notice of deficiency, respondent disallowed such credit since petitioner incorporated his business before the end of the calendar year. The only issue is whether by reason of incorporating his business before the end of calendar year 1977, petitioners are denied the credit. As the parties agree, resolution of this issue depends on whether the incorporation of the construction business by petitioner constitutes a "disposition" within the meaning of section 52(c). Generally, section 52(c) provided that when an employer acquires a trade or business from another person, the new employer is *631 deemed to have paid all wages paid to employees of that trade or business prior to such acquisition. As a corollary, for purposes of computing the credit in the year of acquisition, the wages deemed paid by the employer who disposed of the trade or business are decreased by a like amount. Consequently, the employer disposing of the trade or business is not entitled to a credit in the year of disposition. See sec. 1.52-2(a), Income Tax Regs. Petitioners contend the incorporation of the construction business was not a "disposition" within the meaning of section 52(c) because it represented a change only in the form of ownership of the business. Respondent contends, however, that such incorporation was a "disposition" within the meaning of section 52(c). We agree with respondent. The separate existence of a corporation is firmly established under the tax laws. Moline Properties v. Commissioner,319 U.S. 436 (1943). Moreover, this Court has recognized that an individual and his wholly owned corporation are separate persons. Keller v. Commissioner,77 T.C. 1014 (1981), on appeal (10th Cir., April 4, 1982); see also sec. 7701(a)(1).Clearly then, when petitioner incorporated his construction *632 business, he disposed of that business to his newly formed corporation. Nothing in the statute, the regulations, or the legislative history of section 52(c) suggests a different result. S. Rept. No. 95-66, 1977-1 C.B. 469, at 490-491; H. Rept. No. 95-27, 1977-1 C.B. 501, at 515-516. See also Metallics Recycling Co. v. Commissioner,79 T.C. 730 (1982).
Petitioners propose a method which would essentially allocate the credit to the predecessor employer to the extent new jobs were created before the change in ownership. However, section 52(c) and the regulations thereunder provide an administratively workable system for computing the credit when a business changes hands. See Metallics Recycling Co. v. Commissioner,supra.Under that system, the credit is effectively allocated entirely to the "new" employer. There is simply no justification for deviating from this method of allocation when it is clearly meant to apply. [4] *633 In summary, we find that petitioner's incorporation of his construction business was a "disposition" within the meaning of section 52(c). Thus, despite the fact that petitioner paid wages that would otherwise entitle him to a "new jobs" credit, respondent properly disallowed the "new jobs" credit claimed by petitioners in 1977. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Petitioners' 1974, 1975, 1976 and 1978 taxable years are at issue due to petitioners' carryback and carryover of the unused portion of the credit which petitioners claimed in 1977. See sec. 53(c).
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years as issue. ↩
3. The term "unemployment insurance wages" means all remuneration paid by an employer to an employee, except it does not include any part of such remuneration which exceeds $4,200 during a calendar year. See sec. 3306(b).
4. Sec. 52(c) and the regulations thereunder do not eliminate the credit generated by petitioner's creation of new jobs prior to the "disposition" of the business; the credit is merely shifted to the "new" employer. Moreover, sec. 53(c) provides for the carryback and carryover of the unused portion of the credit. Thus, the full economic benefit of the credit will likely be realized by petitioner's corporation.