## MOLINE PROPERTIES, INC. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 660.   Argued April 16, 19, 1943.—Decided June 1, 1943.

*Mr. Nelson Trottman,* with whom *Messrs. Bart A. Riley* and *Thomas H. Anderson* were on the brief, for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr.,* and *Mr. Sewall Key* were on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

Petitioner seeks to have the gain on sales of its real property treated as the gain of its sole stockholder and its corporate existence ignored as merely fictitious.   Certiorari was granted because of the volume of similar litigation in the lower courts and because of alleged con-

flict of the decision below with other circuit court decisions.[1]

Petitioner was organized by Uly O. Thompson in 1928 to be used as a security device in connection with certain Florida realty owned by him. The mortgagee of the property suggested the arrangement, under which Mr. Thompson conveyed the property to petitioner, which assumed the outstanding mortgages on the property, receiving in return all but the qualifying shares of stock, which he in turn transferred to a voting trustee appointed by the creditor. The stock was to be held as security for an additional loan to Mr. Thompson to be used to pay back taxes on the property. Thompson owned other real property, title to which he held individually. In 1933 the loan which occasioned the creation of petitioner was repaid and the mortgages were refinanced with a different mortgagee; control of petitioner reverted to Mr. Thompson. The new mortgage debt was paid in 1936 by means of a sale of a portion of the property held by petitioner. The remaining holdings of the petitioner were sold in three parcels, one each in 1934, 1935 and 1936, the proceeds being received by Mr. Thompson and deposited in his bank account.

Until 1933 the business done by the corporation consisted of the assumption of a certain obligation of Thompson to the original creditor, the defense of certain condemnation proceedings and the institution of a suit to remove restrictions imposed on the property by a prior deed.

---

[1] *112 West 59th Street Corp.* v. *Helvering,* 62 App. D. C. 350, 68 F. 2d 397; *United States* v. *Brager Building & Land Corp.,* 124 F. 2d 349; *North Jersey Title Ins. Co.* v. *Commissioner,* 84 F. 2d 898; *Inland Development Co.* v. *Commissioner,* 120 F. 2d 986; see Carling Holding Co. *v.* Commissioner, 41 B. T. A. 493; Mayer *v.* Commissioner, 36 B. T. A. 117; Abrams Sons' Realty Corp. *v.* Commissioner, 40 B. T. A. 653; Thrift Realty Co. *v.* Commissioner, 29 B. T. A. 545; Moro Realty Holding Corp. *v.* Commissioner, 25 B. T. A. 1135, affirmed 65 F. 2d 1013; Forshay *v.* Commissioner, 20 B. T. A. 537.

The expenses of this suit were paid by Thompson. In 1934 a portion of the property was leased for use as a parking lot for a rental of $1,000. Petitioner has transacted no business since the sale of its last holdings in 1936 but has not been dissolved. It kept no books and maintained no bank account during its existence and owned no other assets than as described. The sales made in 1934 and 1935 were reported in petitioner's income tax returns, a small loss being reported for the earlier year and a gain of over $5,000 being reported for 1935. Subsequently, on advice of his auditor, Thompson filed a claim for refund on petitioner's behalf for 1935 and sought to report the 1935 gain as his individual return. He reported the gain on the 1936 sale.

The question is whether the gain realized on the 1935 and 1936 sales shall be treated as income taxable to petitioner, as the Government urges, or as Thompson's income. The Board of Tax Appeals held for petitioner on the ground that because of its limited purpose, the corporation "was a mere figmentary agent which should be disregarded in the assessment of taxes." Moline Properties *v.* Commissioner, 45 B. T. A. 647. The Circuit Court of Appeals reversed on the ground that the corporate entity, chosen by Thompson for reasons sufficient to him, must now be recognized in the taxation of the income of the corporation. *Commissioner* v. *Moline Properties,* 131 F. 2d 388.

The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation [2] or to avoid [3] or to comply with [4] the demands of creditors or to

---

[2] *Texas-Empire Pipe Line Co.* v. *Commissioner,* 127 F. 2d 220. Cf. *Edwards* v. *Chile Copper Co.,* 270 U. S. 452, 453–4, 456.

[3] *Sheldon Bldg. Corp.* v. *Commissioner,* 118 F. 2d 835.

[4] *Palcar Real Estate Co.* v. *Commissioner,* 131 F. 2d 210.

serve the creator's personal or undisclosed convenience,[5] so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. *New Colonial Co.* v. *Helvering,* 292 U. S. 435, 442; *Deputy* v. *du Pont,* 308 U. S. 488, 494. In *Burnet* v. *Commonwealth Improvement Co.,* 287 U. S. 415, this Court appraised the relation between a corporation and its sole stockholder and held taxable to the corporation a profit on a sale to its stockholder. This was because the taxpayer had adopted the corporate form for purposes of his own. The choice of the advantages of incorporation to do business, it was held, required the acceptance of the tax disadvantages.

To this rule there are recognized exceptions. *Southern Pacific Co.* v. *Lowe,* 247 U. S. 330, and *Gulf Oil Corp.* v. *Lewellyn,* 248 U. S. 71, have been recognized as such exceptions but held to lay down no rule for tax purposes. *New Colonial Co.* v. *Helvering, supra,* 442, n. 5; *Burnet* v. *Commonwealth Improvement Co., supra,* 419, 420. A particular legislative purpose, such as the development of the merchant marine, whatever the corporate device for ownership, may call for the disregarding of the separate entity, *Munson S. S. Line* v. *Commissioner,* 77 F. 2d 849, as may the necessity of striking down frauds on the tax statute, *Continental Oil Co.* v. *Jones,* 113 F. 2d 557. In general, in matters relating to the revenue, the corporate form may be disregarded where it is a sham or unreal. In such situations the form is a bald and mischievous fiction. *Higgins* v. *Smith,* 308 U. S. 473, 477–78; *Gregory* v. *Helvering,* 293 U. S. 465.

The petitioner corporation was created by Thompson for his advantage and had a special function from its in-

---

[5] *Watson* v. *Commissioner,* 124 F. 2d 437; *Salmon* v. *Commissioner,* 126 F. 2d 203.

ception. At that time it was clearly not Thompson's *alter ego* and his exercise of control over it was negligible. It was then as much a separate entity as if its stock had been transferred outright to third persons. The argument is made by petitioner that the force of the rule requiring its separate treatment is avoided by the fact that Thompson was coerced into creating petitioner and was completely subservient to the creditors. But this merely serves to emphasize petitioner's separate existence. *New Colonial Co.* v. *Helvering, supra,* 441. Business necessity, i. e., pressure from creditors, made petitioner's creation advantageous to Thompson.

When petitioner discharged its mortgages held by the initial creditor and Thompson came in control in 1933, it was not dissolved, but continued its existence, ready again to serve his business interests. It again mortgaged its property, discharged that new mortgage, sold portions of its property in 1934 and 1935 and filed income tax returns showing these transactions. In 1934 petitioner engaged in an unambiguous business venture of its own— it leased a part of its property as a parking lot, receiving a substantial rental. The facts, it seems to us, compel the conclusion that the taxpayer had a tax identity distinct from its stockholder.

Petitioner advances what we think is basically the same argument of identity in a different form. It urges that it is a mere agent for its sole stockholder and "therefore the same tax consequences follow as in the case of any corporate agent or fiduciary." There was no actual contract of agency, nor the usual incidents of an agency relationship. Surely the mere fact of the existence of a corporation with one or several stockholders, regardless of the corporation's business activities, does not make the corporation the agent of its stockholders. Therefore the question of agency or not depends upon the same legal

issues as does the question of identity previously discussed. *Burnet* v. *Commonwealth Improvement Co.,* *supra,* 418, 419–20.

*Affirmed.*