LILLIAN JEFFRIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5535. Promulgated December 28, 1945.

*J. Mark Wilcox, Esq.*, and *Paul J. Weiss, C. P. A.*, for the petitioner.
*Edward L. Potter, Esq.*, for the respondent.

OPINION.

TURNER, *Judge*: Under section 115 (c) and (i) of the Internal Revenue Code as it stood during 1940, gain recognized in a partial liquidation of a corporation is considered as a short term capital gain, and, under section 117 (b), 100 percent thereof is to be taken into account in computing net income. Under section 115 (i), partial liquidation is defined to mean "a distribution by a corporation in com-

plete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock." In the instant case, the Girard Realty Co. distributed one-half of its assets (land and money) to the petitioner and she thereupon surrendered to it her one-half of its stock. No previous or subsequent distribution of assets or cancellation of stock appears to have been made. In this situation we must conclude that the distribution of assets to the petitioner was one in complete cancellation or redemption of a part of the company's stock unless there is something inherent in the situation which requires a contrary conclusion. In support of her request that we reach a contrary conclusion, the petitioner contends that the provision in section 115 (c) that gain recognized in a partial liquidation "shall be considered as a short-term capital gain" was not intended by Congress to apply unless the distribution was a taxable dividend disguised as a liquidation; that the corporate entity of Girard Realty Co. should be disregarded on the ground that it was a mere "dummy" which held the bare legal title to assets of which the petitioner and the Austins were the beneficial owners and therefore acted merely as trustee, agent, or conduit for the owners; and that, regardless of the form adopted by petitioner and the Austins in consummating a settlement of the litigation between them, their intention was to make a division of the assets between them, and consequently, the transaction was not a partial liquidation of the corporation, but a division of assets, and the fact that the Austins retained title to their half of the assets in the name of the corporation did not convert the transaction into a partial liquidation.

While, as petitioner contends, the committee reports on what became section 147 of the Revenue Act of 1942 and which amended section 115 (c) so as to eliminate the provision that gain recognized in a partial liquidation would be considered as short term gain, recited that inequalities had resulted and that it was believed that proper application of section 115 (g) would prove adequate to prevent taxable dividends disguised as liquidations from receiving capital gain treatment, Congress did not see fit to make the amendment retroactive. To grant the petitioner's contention here as to the meaning of section 115 (c) as it stood prior to amendment would require the giving of retroactive effect to the amendment. This we are without authority to do.

While the separate entity of a corporation is sometimes disregarded, it is done only in rare instances. We are unable to find from the situation presented that such action would be warranted here. According to the testimony of the petitioner, the Girard Realty Co. had been in existence for a number of years and had transacted a substantial amount of business of the type which it was organized to transact.

It was still holding considerable amounts of land for sale and, during 1940, sold some of it. Both the petitioner and the Austins in their dealings with the company recognized its separate entity. Likewise did the Florida court in permitting the Austins to intervene in the foreclosure proceeding. This contention of the petitioner is denied. *Moline Properties, Inc.* v. *Commissioner*, 319 U. S. 436.

As to the remaining contention of the petitioner, the evidence shows that the negotiations between her and the Austins for a settlement of the litigation contemplated a complete liquidation and a dissolution of the company and that originally an agreement was reached by them to this effect. However, this was never carried out. When it came to the final draft of the settlement agreement, the Austins decided that they did not desire a complete liquidation. They desired to continue the company as a holder of what would be distributed to them in the way of lands if the company should be completely liquidated, but were agreeable to the petitioner surrendering her shares to the company and receiving from it all the property which would come to her in a complete liquidation. The final draft of the agreement was prepared accordingly and petitioner accepted the change in plan and signed, though with reluctance. It was the plan as thus changed that was carried out. The company has continued in existence. The petitioner surrendered her stock to it and received from it all the property that she would have received if there had been a complete liquidation. It is true that this was done in settlement of the litigation. Nevertheless, it effected a partial liquidation of the company, an effect which was clearly contemplated by the final agreement as made by the parties. The fact that the original agreement providing for complete liquidation was not accepted as the final agreement, but in the latter provision was made for partial liquidation, definitely refutes the idea that the parties intended in the final agreement that there should be complete liquidation of the company. A partial liquidation having occurred, the full amount of the petitioner's recognizable gain thereon is to be taken into account in computing her net income.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

MELLOTT, *J.*,[1] dissenting: With considerable reluctance I respectfully note my dissent in this case. It was tried before me and, while I recognize the fact that the mechanics adopted point strongly to a mere partial liquidation of the corporation, actually what occurred was a division of the assets of the corporation in kind, the Austins engineering the whole plan for the purpose of making use of the corpora-

---

[1] This dissent was prepared during Judge Mellott's incumbency.

tion as the nominal title holder for the portion of the property distributed to them.

The whole record indicates such good faith on the part of the petitioner that it may well be my desire to do equity somewhat colors my interpretation of the law. In this connection I am conscious of the fact that she caused the property to be reappraised rather than accepting the appraisal made in connection with winding up her affairs with the Austins, accepted the higher value for the purpose of computing her tax liability, and thereby appreciably increased her tax liability. Moreover, looking realistically at the situation, I have considerable doubt that the amount paid by her for the stock in what both parties designate to have been a "wash sale" was the basis to be used by her for the computation of gain or loss. This point, however, was not raised or discussed, so can not be made the basis of decision.

The component parts of a single transaction should not be treated separately, and substance rather than form should control. In determining it all of the evidence should be considered. It is clear that the purpose of the agreement was twofold: (1) To settle the claim of petitioner for advances and to pay the attorneys, auditors, and other debts; and (2) to divide the remainder of the property. Both were accomplished. The net effect, therefore, was a complete division of the assets of the corporation between the two groups of stockholders. There is some analogy between the instant case and the rationale of *United States* v. *Brager Building & Loan Corporation*, 124 Fed. (2d) 349, and *North Jersey Title Insurance Co.* v. *Commissioner*, 84 Fed. (2d) 889, although I recognize that the more recent expression by the Supreme Court in *Moline Properties, Inc.* v. *Commissioner*, 319 U. S. 436, cited in the opinion of the majority, weakens their pertinency here. The facts here, however, are not similar to those before the Court in the *Moline Properties* case. I believe petitioner should prevail.

ARUNDELL, BLACK, and HARRON, *JJ.*, agree with this dissent.