Mellott, J.[1] dissenting: With considerable reluctance I respectfully note my dissent in this case. It was tried before me and, while I recognize the fact that the mechanics adopted point strongly to a mere partial liquidation of the corporation, actually what occurred was a division of the assets of the corporation in kind, the Austins engineering the whole plan for the purpose of making use of the corporation as the nominal title holder for the portion of the property distributed to them. The whole record indicates such good faith on the part of the petitioner that it may well be my desire to do equity somewhat colors my interpretation of the law. In this connection I am conscious of the fact that she caused the property to be reappraised rather than accepting the appraisal made in connection with winding up her affairs with the Austins, accepted the higher value for the purpose of computing her tax liability, and thereby appreciably increased her tax liability. Moreover, looking realistically at the situation, I have considerable doubt that the amount paid by her for the stock in what both parties designate to have been a “wash sale” was the basis to be used by her for the computation of gain or loss. This point, however, was not raised or discussed, so can not be made the basis of decision. The component parts of a single transaction should not be treated separately, and substance rather than form should control. In determining it all of the evidence should be considered. It is clear that the purpose of the agreement was twofold: (1) To settle the claim of petitioner for advances and to pay the attorneys, auditors, and other debts; and (2) to divide the remainder of the property. Both were accomplished. The net effect, therefore, was a complete division of the assets of the corporation between the two groups of stockholders. There is some analogy between the instant case and the rationale of United States v. Brager Building & Loan Corporation, 124 Fed. (2d) 349, and North Jersey Title Insurance Co. v. Commissioner, 84 Fed. (2d) 889, although I recognize that the more recent expression by the Supreme Court in Moline Properties, Inc. v. Commissioner, 319 U. S. 436, cited in the opinion of the majority, weakens their pertinency here. The facts here, however, are not similar to those before the Court in the Moline Properties case. I believe petitioner should prevail. ARUNdell, Black, and Harron, JJ., agree with this dissent. This dissent was prepared during Judge Mellott’s incumbency.