DUDLEY W. GILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gill v. Commissioner
Docket No. 8149-86.
United States Tax Court
T.C. Memo 1988-110; 1988 Tax Ct. Memo LEXIS 138; 55 T.C.M. (CCH) 384; T.C.M. (RIA) 88110; March 14, 1988. Dudley W. *139 Gill, pro se. Kristine A. Roth, for the respondent. KORNER
MEMORANDUM FINDING OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
[1] Sec.6651(a) [2] Sec. 6653(a) 1979
$ 16,707
$ 4,177.00
$ 1,225.00
1980
23,818
4,911.00
455.00
1981
6,015
880.00
134.25
1983
3,273
727.40
26.35
After concessions,the issues for decision are: (1) Whether respondent correctly determined that *140 petitioner underreported his income for each of the years at issue; (2) whether petitioner is liable for additions to tax under section 6651(a) for failing to file timely returns for the years at issue; and (3) whether petitioner is liable for additions to tax under section 6653(a) for the years as issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Silver Spring, Maryland, when he filed his petition herein. He filed joint Federal income tax returns with his wife for 1979 and 1980, and returns as head of household for 1981 and 1983. Petitioner holds a doctorate degree in engineering from George Washington University in Washington D.C. During 1979, 1980, 1981, and 1983, petitioner was a 50-percent shareholder and officer of Consolidated Technologies, Inc. ("Consolidated Technologies"), a manufacturing concern. During the same years, petitioner also owned and operated a consulting business offering computer and technical management services. In 1979 and 1980, petitioner operated the consulting business as a sole proprietorship *141 under the name Dudley Gill and Associates. In 1981 and 1982, petitioner operated the consulting business as a corporation organized under the laws of the District of Columbia. Petitioner was the principal officer and the sole shareholder of the corporation, which was named Gill Associates, Inc. Petitioner's consulting business and Consolidated Technologies were separate businesses that provided completely different services. Petitioner nevertheless transferred funds to Consolidated Technologies from his consulting business and paid some of Consolidated Technologies' expenses with funds from the consulting business. Specifically, petitioner paid $ 1,495 from the Dudley Gill and Associates checking account to a consultant in December of 1979 for marketing services performed for Consolidated Technologies. In addition, petitioner transferred $ 3,665.25 to Consolidated Technologies in December of 1980 from the same account. Petitioner's wife died in October of 1980. The death upset petitioner and caused him to visit a doctor for counseling. Petitioner filed his Federal income tax returns late for the years at issue. He filed the returns only after being visited by one of *142 respondent's employees who warned him that the returns were required to be filed. Petitioner filed his return for 1979 on February 14, 1983, by hand carrying the return to respondent's office in Wheaton, Maryland. He filed his returns for 1980 and 1981 the next day at the same office, and then filed his 1983 return on October 23, 1984, by hand carrying it to the same office. Petitioner reported the following amounts of adjusted gross income on his returns for the years at issue: Year
Amount
1979
$ 39,723
1980
32,044
1981
19,880
1983
15,411
Respondent audited petitioner's returns for the years at issue and determined that petitioner had understated his taxable income for each of the years. Respondent's determinations increased petitioner's taxable income by the following amounts: Year
Amount
1979
$ 35,875.49
1980
50,903.00
1981
20,114.00
1983
3,431.00
Respondent determined that part of the understatements for 1979 and 1980 are attributable to petitioner's sole proprietorship, Dudley Gill and Associates. The portions of the understatements that respondent determined are attributable to petitioner's sole proprietorship are *143 as follows: 1979
1980
Income
$ 217,690.79 $ 607,899.05 Expenses
(140,814.89)
(529,142.40)
Net Income
$ 76,875.90  $ 78,756.65  Less Income Reported
[3] (45,406.41)
(29,904.00)
Net Unreported Income
$ 31,469.49  [4] $ 48,852.00  On his 1981 return, petitioner reported an $ 8.262 business loss from Gill Associates, Inc. Respondent disallowed the deduction based on his determination that the corporation had not elected S Corporation status. Respondent determined further that petitioner was liable for the additions to tax provided by sections 6651(a) and 6653(a) for each of the years at issue. In his petition, petitioner contested all of respondent's determinations. OPINION Deficiencies
Petitioner has the burden of proving that the deficiencies determined by respondent are incorrect. Welch v. Helvering,290 U.S. 111, 115 (1933); *144 Rule 142(a). A trial before this Court is a proceeding de novo, and our determination of petitioner's tax liability must therefore be based solely on the record before us without reference to records used only at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974). Petitioner argues on brief that the amounts of underreported income determined by respondent should be reduced by the following amounts: 1979
$ 1,495.00 1980
10,831.25
1981
26,762.50
1983
4,009.66
Petitioner's arguments in support of the reductions he proposes reflect a number of fundamental misconceptions over how corporations and their shareholders are taxed. We will discuss below each of the specific adjustments claimed by petitioner. 1979 - The $ 1,495 amount by which petitioner claims the underreported income determined by respondent for 1979 should be reduced consists of on specific adjustment: $ 1,495 that petitioner paid from the checking account he maintained for Dudley Gill and Associates. Petitioner testified, and we found *145 as a fact, that he paid the amount to a marketing consultant to perform services for Consolidated Technologies. He argues that the $ 1,495 should therefore be allowed as an expense of Dudley Gill and Associates. We are unable to conclude from this record that the underreported income determined by respondent must be reduced by the $ 1,495. First, we are unable to conclude that the $ 1,495 was not included in the $ 140,814.89 of expenses that respondent allowed in determining petitioner's income in 1979 from Dudley Gill and Associates. Second, even if the $ 1,495 was not allowed by respondent, we are unconvinced that the $ 1,495 is properly deductible by petitioner as a business expense. Section 162 provides a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. It is well established that a taxpayer may not deduct expenses gratuitously incurred for the benefit of another. Deputy v. duPont,308 U.S. 488, 493-494 (1940); Noland v. Commissioner,269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60; *146 Westerman v. Commissioner,55 T.C. 478, 482 (1970). Corporate officers, employees, and shareholders are therefore not entitled to a deduction on their personal returns for expenses that they voluntarily pay on behalf of their corporations. Noland v. Commissioner, supra at 111; Johnston v. Commissioner,T.C. Memo. 1988-43. Petitioner paid the $ 1,495 for services provided to Consolidated Technologies. There is no evidence that he was obligated to make the payment. We accordingly conclude that petitioner has failed to prove that he is entitled to deduct the $ 1,495 he claims for 1979. 1980 - The $ 10,831.25 amount by which petitioner claims the underreported income determined by respondent for 1980 should be reduced consists of two specific adjustments: $ 7,166 that petitioner claims to have expended on behalf of Consolidated Technologies and $ 3,665.25 that petitioner transferred to Consolidated Technologies from the checking account he maintained for Dudley Gill and Associates. We are unable to conclude from this record that the underreported income determined by respondent must be reduced by the $ 7,166. First, there *147 is no evidence that the $ 7,166 was expended by petitioner. Second, assuming that petitioner expended the $ 7,166, we are unable to conclude that the $ 7,166 was not included in the $ 529,142.40 of expenses that respondent allowed in determining petitioner's income in 1980 from Dudley Gill and Associates. Finally, even if petitioner expended the amount and respondent did not allow it, we are unconvinced that the $ 7,166 is properly deductible by petitioner as a business expense. As we discussed previously, corporate officers and shareholders are not entitled to deduct expenses that they voluntarily pay on behalf of their corporations. Although petitioner argues that he paid the amount on behalf of Consolidated Technologies, there is no evidence that he was obligated to pay the amount. We accordingly conclude that petitioner has failed to prove that the underreported income for 1980 determined by respondent should be reduced by the $ 7,166 he claims to have expended on behalf of Consolidated Technologies. The $ 3,665.25 at issue is an amount that petitioner transferred to Consolidated Technologies from the checking account he maintained for Dudley Gill and Associates. Petitioner *148 argues that the amount was a loan. Assuming that the amount was a loan as petitioner argues, petitioner has failed to prove that he is entitled to deduct it during any of the years at issue. Section 166 allows deductions for debts only if they become wholly or partially worthless. Whether a debt is worthless is a factual matter. Dustin v. Commissioner,53 T.C. 491, 501 (1969), affd. 467 F.2d 47 (9th Cir. 1972). It is generally accepted that the year of worthlessness is to be fixed by identifiable events which form the basis of reasonable ground for abandoning any hope of recovery. Dustin v. Commissioner,53 T.C. at 501; see Holland v. Commissioner,728 F.2d 360, 362 (6th Cir. 1984), affg. T.C. Memo. 1982-428. Petitioner has neither identified any event that occurred during 1980 or any of the other years at issue which would form the basis for abandoning hopes of recovering the $ 3,665.25 from Consolidated Technologies, nor submitted any other evidence that the amount became uncollectible during the years at *149 issue. We accordingly conclude that petitioner has failed to prove that the underreported income determined by respondent should be reduced by the $ 3,665.25 that he transferred to Consolidated Technologies. 1981 - The $ 26,762.50 reduction petitioner claims for 9181 consists of two specific adjustments. The adjustments are $ 18,500 that petitioner claims that Gill Associates, Inc. transferred to Consolidated Technologies, and $ 8,262.50 that petitioner claims that Gill Associates, Inc. suffered as a loss. Petitioner's position is apparently that he is entitled to deduct on his personal Federal income tax returns, expenses paid and losses incurred by Gill Associates, Inc. His argument ignores the fact that he and Gill Associates, Inc. are separate taxable entities. See Moline Properties, Inc. v. Commissioner,319 U.S. 436, 438-439 (1943); Burnet v. Commonwealth Improvement Co.,287 U.S. 415, 418-419 (1932). Petitioner is not entitled to deduct the $ 18,500 that he claims was transferred by Gill Associates, Inc. to Consolidated Technologies because the amount was simple not an expense paid or incurred by him. The amount is deductible, *150 if at all, by Gill Associates, Inc. Petitioner is not entitled to deduct the $ 8,262.50 that he claims Gill Associates, Inc. suffered as a loss as, in the absence of an election of S Corporation status under section 1372, taxpayers are not entitled to deduct losses incurred by corporations in which they own shares. [5]Frentz v. Commissioner,44 T.C. 485, 490 (1965), affd. by order 375 F.2d 662 (6th Cir. 1967). 1983 - The $ 4,009.66 reduction petitioner claims for 1983 consists of two specific adjustments. Those adjustments are $ 2,009.66, which represents the amount by which petitioner argues the net income of Gill Associates, Inc. was overstated, and $ 2,000, which represents the amount that petitioner claims to have transferred to Gill Associates, Inc. As we understand petitioner's position with respect to the $ 2,009.66, petitioner is arguing that if the net income of Gill Associates, Inc. was overstated by $ 2,009.66, then his income was *151 overstated by $ 2,009.66. Assuming, arguendo, that the net income of Gill Associates, Inc. was in fact overstated by $ 2,009.66, it would not follow that petitioner's income was similarly overstated by $ 2,009.66. As we have already discussed, petitioner and Gill Associates, Inc. are separate taxable entities. Petitioner's income from Gill Associates, Inc. is determined by the salary and dividends it paid him, not its net income. Petitioner's argument that he is entitled to deduct $ 2,000 that he claims on brief to have transferred to Gill Associates, Inc. appears to based on his mistaken belief that he is entitled to deduct the amount if Gill Associates, Inc. used the $ 2,000 to pay its business expenses. Once again, petitioner ignores the fact that he and Gill Associates, Inc. are separate taxable entities. Funds transferred by petitioner to Gill Associates, Inc. are either loans of capital contributions, depending on the circumstances, not deductible expenses. See Lane v. United States,742 F.2d 1311, 1313-1315 (11th Cir. 1984). If Gill Associates, Inc. used the funds to pay its business expenses it, rather than petitioner, is entitled to the deduction. *152 In sum, we hold that petitioner has failed to prove that respondent's determinations of his underreported income for years at issue are incorrect. Section 6651(a)(1)
Respondent determined that petitioner is liable for the addition to tax provided by section 6651(a)(1) for failing to file timely returns for each of the years at issue. Petitioner has the burden of proving that respondent's determination is erroneous. BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Rule 142(a). Petitioner concedes on brief that he filed his returns late, but argues that he had reasonable cause for doing so due to his wife's death. A delay is due to a reasonable cause if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file the return within the prescribed time. Sec. 301.665-1(c)(1), Proced. & Admin. Regs. Petitioner's position is that he was incapacitated by his wife's death. The record contains no evidence, other that petitioner's vague testimony, *153 of the duration and seriousness of any mental problems that he suffered as a result of his wife's death. [6] We note that three of the returns at issue -- those for 1979, 1980 and 1981 -- were not filed until 1983, more than two years after the death of petitioner's wife. The 1983 return was then not filed until late 1984, approximately four years after the death of petitioner's wife. Although we sympathize with petitioner and do not doubt that the death of his wife caused him grief, we are unable to conclude from this record that the death incapacitated him so as to constitute reasonable cause for failing to file his returns until he did. We accordingly hold that petitioner has failed to prove that he is not liable for the additions to tax under section 6651(a)(1) determined by respondent. Section 6653(a)
Respondent determined that petitioner's understatements of tax are due to negligence and that he is liable for additions to tax under section 6653(a) for the years *154 at issue. Petitioner bears the burden of proving that the additions to tax do not apply. Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Negligence for purposes of section 6653(a) is lack of due care or failure to do what an ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner is a well educated individual, who has proven his business skill by founding and operating his own consulting business. It nevertheless appears that he prepared his returns for the years at issue hastily, and only in response to warning from respondent. Respondent's determinations, which petitioner has failed to disprove, indicate that the returns were rife with errors which caused his income to be substantially underreported. In these circumstances, we hold that petitioner has failed to prove that he is not liable for the additions to tax under section 6653(a) determined by respondent. We hold further that petitioner *155 has failed to prove that the entire underpayments for 1981 and 1983 are not attributable to negligence for purposes for the section 6653(a)(2) addition. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. These amounts include additions to tax under sec. 6653(a) for 1979 and 1980, and additions under sec. 6653(a)(1) for 1981 and 1983. They exclude additions under sec. 6653(a)(2) which respondent determined applies to 1981 and 1983. Respondent determined that the additions under sec. 6653(a)(2)↩ will equal 50 percent of the interest due on underpayments of $ 6,015 and $ 3,273 for 1981 and 1983, respectively. 3. Respondent determined that petitioner had erroneously reported this $ 45,406.41 as wage income rather than schedule C net profit. ↩
4. Total is off by 65 cents due to rounding. ↩
5. There is no evidence that Gill Associates, Inc. had elected S Corporation status under sec. 1372↩. 6. Petitioner testified that there was "a lot of stress" in his life, that he "did not function very well" when his wife was sick, and that he sought a doctor's advice for assistance in "functioning." ↩