ANDREW F. BELITSKY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Belitsky v. Commissioner
Docket No. 28508-88
United States Tax Court
T.C. Memo 1991-577; 1991 Tax Ct. Memo LEXIS 625; 62 T.C.M. (CCH) 1307; T.C.M. (RIA) 91577; November 26, 1991, Filed *625 Decision will be entered under Rule 155. Rex E. Sager, for the petitioner. Robert W. Kern, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's 1984 Federal income tax of $ 38,944.54. After concessions by the parties, the issues for decision are: (1) Whether petitioner is entitled to investment tax credit in 1984 with respect to tractors and trailers purchased in 1984; and (2) whether petitioner is entitled to section 168[1] cost-recovery deductions taken in 1984 with respect to the tractors and trailers owned by petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Massillon, *626 Ohio, at the time he filed his petition in this case. In 1984, petitioner operated a trucking business under the name Andy B. Trucking. During the first 9 months of 1984, petitioner operated the trucking business as a sole proprietorship. Due to concern over potential civil liability from his trucking operation, petitioner formed a corporation to operate the business under the name of Andy B. Trucking, Inc. (hereinafter the corporation). The corporation was formed on August 17, 1984. The corporation began operating the trucking business on October 1, 1984. Petitioner was the sole shareholder in the corporation. His general responsibilities with respect to the trucking business were the same after incorporation as they had been prior to incorporation. Petitioner did not keep the company's books either before or after incorporation. He provided his bookkeeper with business information by filling out a daily worksheet that his bookkeeper had devised. During the time petitioner operated the trucking business as a proprietorship, title to the tractors and trailers used in the business was in petitioner's name. Petitioner did not transfer title to the tractors and trailers to *627 the corporation upon incorporation or at anytime thereafter. Petitioner's intent was to rent his tractors and trailers to the corporation. During 1984, petitioner purchased tractors and trailers as follows: Total Date
Description
Price July 3, 1984
(3) Fruehauf 40-ft.
$ 18,000
van trailers
July 5, 1984
(1) Fruehauf 40-ft.
$  5,800
van trailer
Aug. 31, 1984
(3) White tractors
$ 34,350
Oct. 1, 1984
(3) White tractors
$ 34,350
Oct. 1, 1984
(1) White tractor
$ 14,100
Petitioner took title to all these vehicles in his own name. Beginning on October 1, 1984, the corporation used petitioner's tractors and trailers in the conduct of the trucking business. Petitioner relied on his bookkeeper to set up leasing arrangements between himself and the corporation. No rent was actually charged for the corporation's use of the tractors and trailers during October, November, and December 1984. Petitioner was not aware that rent had not been charged in 1984 until the time of respondent's audit. Petitioner did, however, charge rent to the corporation for the corporation's use of the tractors and trailers in 1985. Petitioner reported the rental income received from *628 the corporation on his 1985 Federal income tax return, and the corporation claimed a corresponding deduction on its 1985 corporate income tax return. Petitioner claimed an investment tax credit of $ 12,430 and depreciation of $ 58,543.45 [2] with respect to his tractors and trailers on his 1984 Federal income tax return. In his notice of deficiency, respondent disallowed the entire amount of the claimed investment tax credit and $ 52,951.85 of claimed depreciation. OPINION The first issue for decision is whether petitioner is entitled to the investment tax credit taken in 1984 with respect to the tractors and trailers that he purchased. Respondent relies on the applicable recapture provisions contained in section 47(a). Section 47(a)(5) contains provisions which apply to "section 38 recovery property." See sec. 47(a)(5)(E). Pursuant to section 47(a)(5), if section 38 property "is disposed of, *629 or otherwise ceases to be section 38 property" [3] with respect to the taxpayer prior to the close of the year in which it was placed in service, the taxpayer is not entitled to any investment tax credit with respect to that property. See sec. 1.47-1(a)(1), Income Tax Regs.; Hamby v. Commissioner, T.C. Memo 1988-555. The regulations define "disposition" to include: sale, sale and leaseback, transfer upon foreclosure, and gift. Sec. 1.47-2(a)(1), Income Tax Regs. A "cessation" is not defined in the statute or regulations, but the regulations provide some guidance. Section 1.47-2(a)(2), Income Tax Regs., provides as follows: (2) "Cessation". (i) A determination of whether section 38 property ceases to be section 38 property with respect to the taxpayer must be made for each taxable year subsequent to the credit year. Thus, in each such taxable year the taxpayer must determine, as if such property were placed in service in such taxable *630 year, whether such property would qualify as section 38 property (within the meaning of section 1.48-1) in the hands of the taxpayer for such taxable year.
Section 1.47-1(c)(1)(ii), Income Tax Regs., also provides that: (ii) If during the taxable year such property ceases to be section 38 property with respect to the taxpayer -- (a) As a result of the occurrence of an event on a specific date (for example, a sale, transfer, retirement or other disposition), such cessation shall be treated as having occurred on the actual date of such event.
These regulations clearly contemplate some change in the property or its use which would render it ineligible for the investment tax credit. See Carolina, Clinchfield & Ohio Railway Co. v. Commissioner, 82 T.C. 888, 911-912 (1984), affd. 823 F.2d 33 (2d Cir. 1987). Legislative history also indicates that transactions considered dispositions or cessations include: sales; exchanges; transfers; distributions; gifts; certain leases; a shift from business to personal use; a shift to predominant use outside the United States; and sales of partnership interests, shares of subchapter S stock, *631 or interests in a trust or estate. S. Rept. 1881, 87th Cong., 2d Sess. 148-149 (1962), 1962-3 C.B. 707, 852-853; sec. 1.47-1, Income Tax Regs. The preceding nonexclusive lists dictate that, in order to hold that property was "disposed of, or otherwise ceases to be section 38 property," we must find either that a change occurred in ownership or that there was a change in the use of the property whereby it ceased to qualify as section 38 property. See sec. 1.47-2(a)(2), Income Tax Regs.[4]
In the instant case, we find that the requisite change in ownership did not take place in 1984. It is uncontroverted that petitioner did not transfer title to the tractors and trailers to the corporation. The tractors and trailers were not "disposed of" in 1984. Respondent, however, argues that there was a "deemed disposition." This "deemed disposition" argument is made in conjunction with respondent's assertion that petitioner failed to *632 satisfy the requirements of section 47(b), which provides an exception to the provisions of section 47(a). Section 47(b) provides that section 47(a) does not apply to dispositions that result in a "mere change in the form of conducting the trade or business." Respondent asserts that petitioner's change in business form does not comply with the section 47(b) exception because petitioner did not transfer legal title to the tractors and trailers. Respondent relies on the provisions of section 1.47-3(f)(1)(ii), Income Tax Regs.[5]
*633 Respondent's reliance on these regulatory provisions is misplaced. Section 1.47-3(f)(1)(ii), Income Tax Regs., operates to exempt certain "dispositions" which would otherwise trigger the provisions of section 47(a). The phrase "mere change in the form of conducting the trade or business" (whether through incorporation, the formation of a partnership, or otherwise) applies only to cases where the properties of a trade or business are actually transferred. S. Rept. 1881, supra, 1962-3 C.B. at 856. Here, there was never any actual disposition or transfer of ownership, and we were presented with no facts or authority to find that there was a "deemed disposition." [6]
*634 Since there was no change in the ownership of the tractors and trailers and thus no disposition, actual or deemed, we must decide whether a change occurred in the use of the tractors and trailers which caused them to "cease to be section 38 property." The principal change that took place during the last 3 months of 1984 was that the corporate entity began conducting the trucking operations. While the corporation provided the same services with the same equipment and petitioner performed the same activities in the daily conduct of the business, we cannot ignore that, for purposes of taxation, it was the corporation that conducted the trucking business beginning in October 1984. So long as the purpose for incorporation was the equivalent of business activity or was followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. Rink v. Commissioner, 51 T.C. 746, 752 (1969) (citing Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 439, 87 L. Ed. 1499, 63 S. Ct. 1132 (1943)). Respondent argues that when the corporation took over the business operations, the tractors and trailers became petitioner's personal assets, the *635 fair rental value of which was "gifted" to the corporation during the last quarter of 1984. We perceive no "gift" element in the instant case. Petitioner was not sophisticated in the area of tax or corporate law. He relied heavily on his bookkeeper for maintaining proper records for these purposes. We are convinced by petitioner's testimony and the treatment of the equipment in 1985 that petitioner's failure to charge rent for the 3 months immediately following incorporation was due to the inadvertence of his bookkeeper. The fact that petitioner charged rent to the corporation during 1985 corroborates his testimony that he intended to use the tractors and trailers for the production of income after he incorporated his trucking business. Petitioner was not aware that the corporation had not been charged rent for its 1984 use of the tractors and trailers until respondent examined petitioner's 1984 return. We find that, throughout 1984, petitioner used the tractors and trailers for business or for the production of income. The provisions of section 47(a), upon which respondent relies, apply when property "ceases to be section 38 property." Property qualifies as section 38 recovery *636 property if it is "section 38 property which is recovery property (within the meaning of section 168)." Sec. 47(a)(5)(E). The term "section 38 property" includes tangible personal property that is depreciable. Sec. 48(a)(1). Recovery property is tangible property used in a trade or business or held for the production of income. Sec. 168(c). It therefore follows from our factual findings that the tractors and trailers never ceased to be section 38 property. [7] Accordingly, we hold that petitioner is entitled to the claimed investment tax credit for the tractors and trailers purchased in 1984. *637 The next issue for decision is whether petitioner is entitled to the full amount of depreciation deductions taken in 1984 with respect to the tractors and trailers that he owned. Section 168 provides for a deduction with respect to tangible property used in a trade or business, or held for the production of income (i.e., recovery property). Section 168(d)(2)(B) provides that if recovery property (with the exception of certain recovery property not here relevant) is "disposed" of within a taxable year, then no deduction is allowed under section 168 for such year with respect to such property. [8] A "disposition" for this purpose includes a "retirement." Sec. 168(d)(2)(C).
Both "disposition" and "retirement" are defined as the permanent withdrawal of property from use in a taxpayer's trade or business or in the production of income. Sec. 1.167(a)-8(a), Income Tax Regs.[9] Withdrawal may be made in several *638 ways including sale, exchange, retirement, abandonment, or destruction. Sec. 1.167(a)-8(a), Income Tax Regs.[10]
Our findings with respect to the investment tax credit issue apply equally to petitioner's depreciation deductions. Petitioner used his tractors and trailers in his trucking business and when that business was incorporated, he continued to hold title to the tractors and trailers for the production of income. He was therefore entitled to continue to take deductions under the provisions of section 168 with respect to his tractors and trailers. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Total includes deductions for depreciation with respect to equipment petitioner placed in service in previous years.↩
3. The quoted language is also contained in sec. 47(a)(1)↩.
4. See Williams v. Commissioner, T.C. Memo 1987-308↩.
5. According to sec. 1.47-3(f)(1)(ii), Income Tax Regs., a disposition is a "mere change in business form when it meets the following four requirements: (a) The section 38 property described in subdivision (i) of this subparagraph is retained as section 38 property in the same trade or business, (b) The transferor (or in a case where the transferor is a partnership, estate, trust, or electing small business corporation, the partner, beneficiary, or shareholder) of such section 38 property retains a substantial interest in such trade or business, (c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and (d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38↩ property in the hands of the transferor.
6. There is a circularity to respondent's argument. Were we to find a "deemed disposition" as respondent contends, we would presumably have to determine the person or entity to whom the assets were "deemed" to have been transferred upon disposition. The only conceivable "deemed" transferee would have been petitioner's corporation. However, if the corporation were "deemed" to be the transferee, the regulatory requirements of sec. 1.47-3(f)(1)(ii), Income Tax Regs.↩, would be met and petitioner would still be entitled to the credit.
7. The fact that petitioner changed his use of the tractors and trailers from use in his individual trucking business to that of renting them to the corporation for the production of income, does not constitute a "disposition" or "cessation" for purposes of sec. 47. Sec. 1.47-2(b), Income Tax Regs., provides that subject to exceptions not here relevant "the mere leasing of sec. 38↩ property by a lessor who took the basis of such property into account in computing his qualified investment for the credit year shall not be considered to be a disposition."
8. See sec. 1.168-2(a)(2), Proposed Income Tax Regs., 49 Fed. Reg. 5943↩ (Feb. 16, 1984).
9. See sec. 1.168-2(1)(1), Proposed Income Tax Regs., 49 Fed. Reg. 5956↩ (Feb. 16, 1984).
10. See supra↩ note 9.