T.C. Summary Opinion 2001-56

UNITED STATES TAX COURT

LEON & MAMIE M. GAITHER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3952-99S.                    Filed April 16, 2001.

Leon M. Gaither, pro se.

<u>Francis C. Mucciolo</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years in issue.  Rule references
are to the Tax Court Rules of Practice and Procedure.  The

decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' Federal income taxes, additions to tax, and penalties as follows:

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
|------|-----------|-----------------|--------------|
| 1992 | $11,354 | $1,555 | $2,271 |
| 1993 | 11,041 | 1,364 | 2,208 |
| 1994 | 10,646 | 521 | 2,129 |

The issues for decision for each year in issue are: (1) Whether petitioners are entitled to various trade or business expense deductions; (2) whether petitioners had reasonable cause for failing to file a timely Federal income tax return; and (3) whether the underpayment of tax required to be shown on petitioners' Federal income tax return is due to negligence.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a joint Federal income tax return for each year in issue. At the time the petition was filed, petitioners resided in Jacksonville, Florida. References to petitioner are to Leon Gaither.

During the years in issue, petitioner was the sole proprietor of Gaither and Associates (G&A). He was also the sole shareholder of Professional Services of Jacksonville, Inc. (PSI),

a corporation that petitioner had organized several years earlier. The working relationship between petitioner, through G&A, and PSI is not entirely clear from the record, but both were involved in the following income-producing business activities during the years in issue.

Petitioner, doing business as G&A, purchased surplus property or scrap items from government auctions with the intention to: (1) Resell the items intact at a profit; or (2) dismantle the items so that precious or nonprecious metals could be recovered and sold. In addition, petitioner, through G&A, also collected obsolete telecommunications equipment from private companies. This equipment was either resold for salvage or scrap, or disposed of in an environmentally sound manner.

The services offered by petitioner, through G&A, were labor intensive. For example, property purchased for resale or dismantling had to be transported, typically in rented vehicles, from one location to another, as did items collected for disposition. Those items that required dismantling to recover precious and nonprecious metals were dismantled by hand.

Petitioner, through G&A, had no employees during the years in issue; PSI, however, did. Accordingly, PSI provided to G&A what might be loosely referred to as contract labor services,

although there is nothing in the record that remotely resembles any formal agreement or arrangement between G&A (or petitioner) and PSI. Formalities aside, it appears that PSI and petitioner, through G&A, were involved in a fee or profit splitting arrangement in connection with the above-described business activities that petitioner was involved with during the years in issue.

Petitioners' 1992 return was filed on May 30, 1995; their 1993 return was filed on July 18, 1995; and their 1994 return was filed on September 1, 1995. No extension to file had been requested or granted with respect to any of the years in issue. Each return was prepared by a professional income tax return preparer who had prepared petitioners' Federal income tax returns for a number of years prior to the years in issue. The return preparer also prepared the Federal income tax returns of PSI for the years 1992 through 1994. For each year, petitioner provided the return preparer with various personal and corporate books and records. Petitioner also explained various transactions and business practices involving G&A and PSI to the return preparer.

For each year in issue, petitioners included a Schedule C, Profit or Loss From Business, on which items of income and deductions attributable to G&A are reported as follows:

|                      | 1992     | 1993     | 1994     |
|----------------------|----------|----------|----------|
| Gross receipts       | $19,612  | $23,362  | $11,430  |
| Depreciation         | 167      | - 0 -    | - 0 -    |
| Interest income      | 9,344    | 11,482   | 11,562   |
| Office expense       | 458      | 743      | 80       |
| Rent - machinery     | 2,578    | 1,467    | - 0 -    |
| Rent - property      | 10,203   | 11,662   | 7,260    |
| Taxes                | - 0 -    | 225      | - 0 -    |
| Supplies             | 129      | - 0 -    | - 0 -    |
| Travel               | 12,794   | - 0 -    | - 0 -    |
| 80 percent meals     | 1,482    | 383      | - 0 -    |
| Fuel                 | 211      | 1,960    | 948      |
| Car rental           | 3,831    | 5,243    | 6,592    |
| Material             | - 0 -    | 15,242   | 64       |
| Legal/professional   | 308      | - 0 -    | 67       |
| Expenses for PSI     | - 0 -    | - 0 -    | 20,340   |
| Total Expenses       | 41,505   | 48,407   | 46,913   |
| Net loss             | 21,893   | 25,045   | 35,483   |

The following items of income and deductions are reported on PSI's corporate Federal income tax returns:

|                      | 1992     | 1993     | 1994     |
|----------------------|----------|----------|----------|
| **Income**           |          |          |          |
| Gross receipts       | $66,879  | $8,425   | $2,204   |
| Cost of goods sold   | 28,446   | 35,444   | 5,049    |
| Gross profit         | 38,433   | (27,019) | (2,845)  |
| **Deductions**       |          |          |          |
| Wages                | $24,206  | $16,825  | $13,141  |
| Repairs/maintenance  | - 0 -    | 270      | - 0 -    |
| Rents                | 31,949   | 19,043   | 13,459   |
| Taxes                | 2,540    | 2,290    | 1,768    |
| Interest             | 2,391    | 4,922    | 10,289   |
| Depreciation         | 305      | 258      | 184      |
| Other[1]             | 7,200    | 8,816    | 4,986    |
| Total                | 68,591   | 52,424   | 43,827   |
| Net loss             | 30,158   | 79,533   | 46,672   |

---

[1] Items in this category include:  Alarm and security, bank charges, car and truck expense, insurance, legal and professional, office, postage, repair and maintenance, telephone, travel, and utilities.

With minor exceptions, in the notice of deficiency respondent disallowed all of the deductions claimed on the Schedules C. According to the explanation contained in the notice of deficiency, the deductions were disallowed because "it has not been established that * * * these amounts were for ordinary and necessary business expense (sic) of your business". [Emphasis added.] At trial, respondent further explained that the deductions were disallowed because the underlying expenses were determined to be PSI's expenses, not petitioner's. In the notice of deficiency, respondent further determined that for each year in issue petitioners are liable for the addition to tax under section 6651(a)(1) for the failure to file a timely Federal income tax return, and that petitioners are liable for an accuracy-related penalty under section 6662(a) because the underpayment of tax required to be shown on their return is due to negligence.

Discussion

A. Schedule C Expenses

In general, section 162(a) allows a taxpayer to deduct all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". To qualify for a deduction under section 162(a), the expense paid or incurred by the taxpayer must have been paid or incurred in the taxpayer's trade or business. Generally, a shareholder of a

corporation is not entitled to deductions for business expenses of the corporation because the trade or business of the corporation is considered separate and distinct from the trade or business of the shareholder. See Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943); Deputy v. duPont, 308 U.S. 488, 495 (1940).

While we are not exactly sure of what arrangements were in effect between petitioner (doing business through G&A) and PSI, we are satisfied that in some manner they split the fees or profits generated by the business activities described above. We cannot tell with any degree of precision what expenses should properly be considered expenses of G&A, and therefore deductible on the Schedules C, and what expenses should properly be considered expenses of PSI, and therefore not deductible at all by petitioners. See Moline Props., Inc. v. Commissioner, supra. Nevertheless, because petitioner, through G&A, was involved in income-producing activities, we think it improper that all of the deductions claimed on the Schedules C should be considered entirely attributable to PSI. Instead, based upon what sense we can make from the record (including the testimony of petitioners' professional income tax return preparer) and taking into account respondent's agreement that substantiation, including the type contemplated by section 274(d), is not in issue for any year,

we find that petitioners are entitled to claim the following

deductions on the Schedules C:

|  | 1992 | 1993 | 1994 |
|---|---|---|---|
| Office Expense | $458 | $743 | $80 |
| Rent - machinery | 2,578 | 1,467 | - 0 - |
| Rent - property | 10,203 | 11,662 | 7,260 |
| Taxes | - 0 - | 225 | - 0 - |
| Supplies | 129 | - 0 - | - 0 - |
| Travel | 12,794 | - 0 - | - 0 - |
| 80 percent meals | 1,482 | 383 | - 0 - |
| Fuel | 211 | 1,960 | 948 |
| Car rental | 3,831 | 5,243 | 6,592 |
| Legal | 308 | - 0 - | 67 |
| Depreciation | $167 | - 0 - | - 0 - |
| Total | 32,161 | 21,683 | 14,947 |

B. Section 6651(a)

For each year, respondent determined that petitioners are

liable for the section 6651(a)(1) addition to tax for failure to

file a timely return. Section 6651(a)(1) provides for an

addition to tax in an amount equal to 5 percent of the amount of

the tax shown on the return for the first month, plus an

additional 5 percent for each additional month or fraction of a

month during which the failure to file continues, up to a maximum

of 25 percent of the tax in the aggregate. This addition to tax

is applicable unless the taxpayer can demonstrate that the

failure is due to a reasonable cause and not due to willful

neglect.

Petitioners agree that their return was filed late for each

year in issue. According to petitioner, the returns were not

timely filed because of an ongoing financial crisis they were

experiencing.  A taxpayer's poor financial status, however, is not reasonable cause within the meaning of section 6651.  See Tabbi v. Commissioner, T.C. Memo. 1995-463.  To the extent that there remains a deficiency for each year after taking into account the Schedule C deductions allowed above, respondent's imposition of the section 6651(a)(1) addition to tax for each year is sustained.

## C.  Negligence Penalty

In the notice of deficiency, respondent also determined that the underpayment of tax required to be shown on petitioners' return for each year in issue is due to petitioners' negligence, and imposed a penalty under section 6662(a).  See sec. 6662(b)(1) and (c).  Section 6662(a) provides for a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.

Negligence includes "any failure to make a reasonable attempt to comply with the provisions" of the internal revenue laws or to exercise that level of care exhibited by a reasonable person under the same or similar circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Disregard includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).

The negligence penalty does not apply if the taxpayer establishes that he or she relied in good faith upon the advice of a competent and experienced accountant or return preparer in the preparation of the taxpayer's return. See Weis v. Commissioner, 94 T.C. 473, 487 (1990). To show good faith reliance, the taxpayer must show that the return preparer was supplied with the information necessary for the preparation of an accurate return. To the extent that errors have been made on the return, the taxpayer must demonstrate that the errors were the result of the return preparer's mistakes. See Pessin v. Commissioner, 59 T.C. 473, 489 (1972).

We are satisfied that petitioners in good faith reasonably relied upon their income tax return preparer to properly account for the transactions between petitioner and PSI that resulted in the deductions claimed, and now disallowed, on the Schedules C. Consequently, petitioners are not liable for the negligence penalty for any year in issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decision will be
> entered under Rule 155.