No. 1 August 6, 2012 1

IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

STOEL RIVES PC,
et al,
*Defendants.*

(TC 4832)

Plaintiff (the department) appealed from a Magistrate Division decision as to the status of members of Defendant (taxpayer)s' organization and the characterization of income tax assessed on partnership income sourced in Oregon, arguing that the shareholder members of taxpayer's corporations should be subject to Oregon income tax as partners of a firm. Taxpayer argued that its professional corporation was formed in accordance with federal statute for acceptable business purposes and as such was subject to recognition as a corporation as a viable taxable entity, but that state income tax avoidance was not the sole purpose for the business model adopted by taxpayers. In denying the department's motion and granting taxpayer's motion, the court ruled that taxpayer's business model that provided for its corporate entities to be partners was appropriate and permissible and that the corporate partners were legitimate viable corporations within the provisions of the Oregon income tax code and that the department's claims to impose assessments was not supported by the law.

Oral argument on cross-motions for summary judgment was held November 6, 2009, in the courtroom of the Oregon Tax Court, Salem.

Keith L. Kutler, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Plaintiff (the department).

Robert T. Manicke, Stoel Rives LLP, Portland, filed the cross-motion and argued the cause for Defendants (taxpayer).

Decision for Defendants rendered August 6, 2012.

**CHARLES E. LUUKINEN, Judge Pro Tempore.**

This matter is before the court on Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. The matters arise from a Complaint filed by Plaintiff Department of Revenue (the department), in the Regular Division of the Oregon Tax Court, appealing

the Decision of the Magistrate Division entered on July 8, 2008, that granted Motions for Summary Judgment by the defendant Stoel Rives entities (taxpayers) and denied the Motion for Summary Judgment by the department.

Following the filing of the Complaint by the department and Answers by taxpayers, the department filed a Motion for Summary Judgment, to which taxpayers responded and filed their own Cross-Motion for Summary Judgment, followed by the department's Reply and Response to the cross-motion and then taxpayers' Reply to the department's Response to the Cross-Motion for Summary Judgment.

The parties have additionally filed a 32-page, 169-item compilation of Stipulated Facts. The parties have also provided various demonstrative aids and other information including various affidavits. The affidavits include the Affidavit of Henry H. Hewitt, a member of the Stoel Rives firm since 1969, a partner and member of the Management Committee from 1984 and Chair of the firm from 1990 (with a two-year break from 1999 to 2001) until 2005. The parties are both correct that there is no issue of material fact and this matter is resolved by application of the pertinent law to these uncontroverted material facts, meaning that Summary Judgment will be allowed and be dispositive.

This court appreciates the parties' ability to agree to the stipulations of fact, with supporting documents and the extensive briefing and case authority cited, and apologizes for the time it has taken to assimilate the information provided and to render this decision.

This case involves the 1995 tax year and assessments for Oregon income tax. The department has sought to impose those assessments on certain principals (individuals) as partners of Stoel Rives, for partnership income sourced in Oregon rather than as taxpayers' claim to be, simply shareholder employees of the various corporate partners (Stoel Rives Boley Jones & Grey of Utah, PC; Idaho, PA; and DC, PC). These corporate partners were duly and legally formed as corporations in their respective jurisdictions. These professional service corporations became the partners in the

Partnership of Stoel Rives Boley Jones & Grey in these various jurisdictions. The individuals are principals and shareholders in these various professional corporations.

The recognition of the various corporate partners of the Oregon partnership, as taxable entities, results in some Oregon income tax savings for the principals of these separate corporations.

As the parties note, the United States Supreme Court has established the underlying test for recognition of a corporation as a viable taxable entity in *Moline Properties v. Commissioner*, 319 US 436, 63 S Ct 1132 (1943). *Moline* provides a two-part test. The parties have spent a considerable time addressing whether the test is conjunctive or disjunctive. The court's decision makes any issue in that regard immaterial. The two parts of the *Moline* test are first, whether the corporation was created for business purposes, and secondly, did the corporation actually conduct business activity in the corporate form.

The affidavit of Henry Hewitt is very helpful in the analysis of the business process and reasons for developing the partnership to include nonresident-professional-corporations-as-partners form of business activity model. Mr. Hewitt's affidavit traces why that model was successful and why other alternatives did not serve the business purpose of attracting and retaining attorneys, with areas of expertise and practice, that would satisfy the firm's desires for growth and stability. Payment of Oregon income tax was a minimal factor, if any factor at all. Limiting potential personal liability is always an important factor, as it was here, in creating a true corporate business entity. The affidavit traces how the model was developed initially to facilitate the assimilation of the Jones, Grey & Bayley firm into Stoel Rives and then replicated to add additional lawyers to the firm's new offices, particularly outside the state of Oregon. There clearly was a business purpose for creating and replicating the business model at issue.

The stipulated facts list, particularly items 28 through 60, details business activity conducted by corporate partners as corporations. The corporate partners conducted

their day-to-day business activity with great attention to compliance with corporate business requirements, quite frankly, the same as (and perhaps with greater attention to detail than) other attorney professional corporations who conducted their business in the various jurisdictions, without being part of a multi-state law firm. The business activity history of these corporate partners clearly passes the business activity test of *Zmuda v. Commissioner*, 731 F2d 1417 (9th Cir 1984).

It should be noted that the department previously raised essentially the same issue that underlies this litigation, when the Jones, Grey & Bayley firm initially became part of the Stoel Rives partnership. That issue was decided adversely to the department in *Jones, Grey & Bayley v. Dept. of Rev.*, 16 OTR-MD 300 (2000). The department has failed to appeal that adverse decision of the Magistrate Division. There is a strong argument that there is precedential value to that decision, upon which taxpayers herein are entitled to rely. It is not necessary to rely on this resolution of the matter, and the history is only noted in passing.

The information provided to this court clearly establishes that Oregon state income tax avoidance was not the sole purpose (and in fact was at most an inconsequential reason, if any) for the business model adopted by taxpayers herein. There were multiple non-tax avoidance reasons for establishing the business model that provided for corporate entities to be partners in the parent firm. Once that business model was established and its success acknowledged, there was even more reason to continue and to replicate the business model as the law firm expanded its physical and subject matter practice.

Taxpayers have established that the business model that provides for corporate entities to be partners is appropriate and permissible and that the corporate partners are legitimate viable corporations within the provisions of the Oregon income tax code and that the department's claims to impose assessments is not supported by the law in these circumstances. Now, therefore,

IT IS ORDERED THAT Plaintiff's Motion for Summary Judgment is not well taken and is denied; and

IT IS FURTHER ORDERED THAT Defendants' Cross-Motion for Summary Judgment is well taken and is granted. Counsel for Defendants is directed to submit an appropriate form of judgment.