T.C. Memo. 2000-207

UNITED STATES TAX COURT

KANDIAH AND NALINI JEYAPALAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9940-98.                        Filed July 5, 2000.

Kandiah and Nalini Jeyapalan, pro se.

<u>Deanna R. Kibler</u> and <u>Albert B. Kerkhove</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income tax of $8,691 and $5,024 for 1993 and 1994, respectively, and a penalty under section 6662(a) of $1,738 for 1993.

After concessions by the parties, the issue remaining for decision is whether petitioners may disregard their S corporation and have its losses treated as partnership losses.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

At the time of the filing of their petition, Kandiah and Nalini Jeyapalan (petitioners) resided in Ames, Iowa. Kandiah Jeyapalan is a professor of civil engineering at Iowa State University, and Nalini Jeyapalan is a former professor of business finance at Fresno State University. Petitioners filed joint Forms 1040, U.S. Individual Income Tax Return, for both years in issue.

In 1985, petitioners acquired an interest in the A.S.K. Partnership (partnership), a California partnership whose major asset was a 16-unit apartment complex on 1.4 acres of land in Fresno County, California (Fresno property). The partnership issued Forms K-1, Partner's Share of Income, Credits, Deductions, Etc., to petitioners from 1985 through 1990.

On January 20, 1988, the partnership obtained a loan in the amount of $403,000 from Great Midwestern Bank (Great Midwestern). The loan was secured by a deed of trust on the Fresno property and was individually and personally guaranteed by all of the partners.

In 1991, to avoid the personal liability exposure inherent in conducting business as a partnership, the partners agreed to convert the partnership to an S corporation. The partners incorporated Clovis A.S.K. Properties, Inc. (ASK Properties), an Ohio corporation, on January 3, 1991. Since its incorporation, ASK Properties has engaged in the business of renting out the apartments on the Fresno property. Petitioners, together, received 25 percent of the outstanding stock of ASK Properties upon its incorporation. Petitioners acquired the remaining 75 percent of the outstanding stock in 1992. The Internal Revenue Service informed petitioners in March 1991 that a request by ASK Properties to be treated as an S corporation had been approved.

The partners agreed that it would be in their best interests to transfer all of the partnership assets and liabilities to ASK Properties, including the Fresno property subject to the deed of trust. Shortly after forming ASK Properties, the partners attempted to transfer the Fresno property and their debt obligation on the Great Midwestern loan to the corporation.

However, upon learning that Great Midwestern would charge them $10,000 to transfer the obligation, the partners abandoned their plan. Title to the Fresno property was never transferred to ASK Properties and remains in the name of the partnership.

Petitioners repeatedly represented to respondent that the Fresno property was owned and operated by ASK Properties. The partnership filed its tax return for 1990 as a final tax return. Petitioners filed corporate tax returns for ASK Properties on IRS Forms 1120S, U.S. Income Tax Return for an S Corporation, from 1991 to 1994. Despite petitioners' failure to transfer title to the Fresno property, ASK Properties listed both the Fresno property and the loan on a balance sheet attached to its first Federal income tax return filed for 1991. Both were continuously listed as property of ASK Properties through 1994. Petitioners also requested and received an employer identification number (EIN) for ASK Properties that differed from the EIN of the partnership.

ASK Properties suffered losses of $43,319 and $36,083 and reported depreciation deductions from the Fresno property of $39,690 and $38,143 in 1993 and 1994, respectively. The amount of principal outstanding on the loan was $375,825 in 1993 and $362,762 in 1994.

Petitioners' basis in stock of ASK Properties, without consideration of the loan, was $8,064 at the end of 1992.

Petitioners made contributions to capital of ASK Properties of $18,348 in 1993 and $11,136 in 1994.

Respondent disallowed the flow-through losses to petitioners to the extent the losses exceed petitioners' basis in stock without consideration of the loan.

OPINION

Petitioners bear the burden of showing error in the determinations of respondent in the notice of deficiency. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners argue that, under principles of equity, the corporation should be disregarded, and the business entity should be taxed as a partnership. Respondent contends that the form and substance of the business entity is that of an S corporation, and it should, therefore, be taxed as an S corporation.

Shareholders are only entitled to claim losses and deductions to the extent that they do not exceed the sum of their adjusted basis in stock of an S corporation. See sec. 1366(d)(1). If a business entity is taxed as an S corporation, a loan obligation of the corporation to a third party, personally guaranteed by taxpayers as shareholders, generally would not be includable in shareholders' basis in stock of an S corporation. See Estate of Leavitt, 90 T.C. 206, 216 (1988), affd. 875 F.2d 420 (4th Cir. 1989). A mere promise to advance money to a corporation if certain events occur to trigger a guaranty is not

sufficient to increase shareholders' basis because there is no actual economic outlay.  Economic outlay would not occur until and unless the shareholders paid part or all of the obligation. See id. at 211.

Without basis attributable to the loan, petitioners did not have enough basis to recognize the full amount of flow-through loss for the years in issue.  See sec. 1366(d)(1).  The unrecognized loss would be suspended until petitioners acquired basis to offset the loss.  See sec. 1366(d)(2).

Partners in a partnership are also only entitled to claim losses and deductions to the extent that they do not exceed the sum of their adjusted basis in the partnership.  See sec. 704(d). However, partnership loans secured by a personal guaranty are includable in a guaranteeing partner's basis in the partnership. See sec. 752(a).

Whether the existence of a corporation should be disregarded for Federal income tax purposes is a question of Federal law. See Stoody v. Commissioner, 66 T.C. 710, 716 (1976).  Generally, when taxpayers choose to conduct business through a corporation, they will not be permitted subsequently to deny the existence of the corporation if it suits them for tax purposes.  See Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943). Exceptions exist where the creation of the corporation was not followed by any business activity, the corporation was the agent

of the taxpayers, or the purpose of creating the corporation was not a business purpose.  See Commissioner v. Bollinger, 485 U.S. 340, 344-347 (1988).  None of these exceptions apply here.

In Skarda v. Commissioner, 27 T.C. 137 (1956), affd. 250 F.2d 429 (10th Cir. 1957), a taxpayer claimed that a corporation, which had previously been operated as a partnership, should be disregarded because no corporate activities such as shareholder meetings, adoption of bylaws, elections of officers, preparation of minutes, issuance of stock, or transfers of title to property by the partnership to the corporation had ever occurred.  The taxpayer had filed articles of incorporation, and a certificate of incorporation was issued.  The business activity of the corporation was limited to the publication of a newspaper, maintenance of a checking account, setting up books that reflected a capital stock account, the receipt of supplies, and the extension of credit.  This Court concluded that, even though corporate formalities were not adhered to, the entity held itself out to the public as a corporation and conducted some business in the ordinary meaning.  See id. at 145.  Therefore, the corporate entity could not be disregarded.

In Doe v. Commissioner, T.C. Memo. 1993-543, affd. in part and revd. in part on other grounds 116 F.3d 1489 (10th Cir. 1997), taxpayers, who owned stock in a corporation that managed a bar and bowling alley, sought to disregard their S corporation

and be treated as a partnership because they lacked enough basis to realize their full amount of flow-through loss.  Before incorporating, the taxpayers as partners had personally guaranteed a partnership loan.  The loan was not includable in their basis in the S corporation.  The taxpayers had not transferred title in the bar and bowling alley to the corporation; however, they caused the corporation to report ownership of the property on its Federal income tax returns. This Court decided that, because the S corporation had legally incorporated under State law, filed an election to be taxed as an S corporation, filed corporate returns, and held itself out to the public as the owner and operator of the bowling alley, it had sufficient business activity to establish corporate existence. This Court also decided that, because the taxpayers incorporated their partnership to achieve limited liability from tort, the corporation had a substantial business purpose.  See id.

We conclude that ASK Properties is indistinguishable from the corporations in Skarda and Doe.  Petitioners have stipulated that, since its formation, ASK Properties has engaged in the business of renting out the apartments on the Fresno property. As in Skarda and Doe, petitioners caused ASK Properties to hold itself out to the public as the legal entity that owns and operates the Fresno property even though title was never formally transferred to the corporation.  In addition, petitioners caused

ASK Properties to file Federal income tax returns from 1991 to 1994 representing that it was the owner and operator of the Fresno property. Therefore, ASK Properties has sufficient business activities to require its recognition for Federal income tax purposes.

An agency relationship exists when the facts indicate that the corporation carried out only "the normal duties of an agent." National Carbide Corp. v. Commissioner, 336 U.S. 422, 437 (1949). The same facts that establish sufficient business activities indicate that ASK Properties held itself out as operating the Fresno property in its own name and for its own account.

We also conclude that the business purpose of forming ASK Properties, to protect its shareholders from personal tort liability, is a valid business purpose. See Moline Properties v. Commissioner, supra; Doe v. Commissioner, supra. Thus, petitioners do not meet the limited exceptions set forth in Commissioner v. Bollinger, supra, and they cannot disavow the corporate existence and elect to have the corporation disregarded for tax purposes.

Petitioners' next argument is that they were misled by respondent during the years in issue because respondent did not challenge their 1991 and 1992 tax returns. In 1991 and 1992, petitioners owned 25 percent of the outstanding shares of ASK Properties. Petitioners included one-fourth of the Great

Midwestern loan in their basis in stock.  Petitioners contend that, had the IRS raised an issue regarding basis in those years, they would have corrected any error before 1993 and 1994 when their amount of flow-through loss was much greater.

Failure to raise an issue in one tax year does not preclude or affect the correct determination of that issue in another year.  See, e.g., Tollefsen v. Commissioner, 52 T.C. 671, 681 (1969), affd. 431 F.2d 511 (2d Cir. 1970).  Respondent's failure to correct the basis allocation by petitioners in 1991 and 1992 does not prevent the correct treatment of that issue for 1993 and 1994.  See Dickman v. Commissioner, 465 U.S. 330 (1984); Dixon v. United States, 381 U.S. 68, 72-75 (1965); Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183-184 (1957); Schuster v. Commissioner, 800 F.2d 672, 676 (7th Cir. 1986), affg. 84 T.C. 764 (1985).

We have carefully considered all remaining arguments made by petitioners for a result contrary to those expressed herein, and, to the extent not discussed above, they are irrelevant, without merit, or not supported by the record.

Petitioners apparently believe that this case was processed as a small tax case under section 7463 because of the form of their petition filed June 1, 1998.  However, the combined amounts placed in dispute for 1993 exceeded the $10,000 limitation in effect when the petition was filed, prior to the increase to

$50,000 under Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3103, 112 Stat. 731. Accordingly, they have a right to appeal the decision to be entered in this case.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.
