T.C. Summary Opinion 2003-62

UNITED STATES TAX COURT

RICHARD V. FREDERICK AND NANCY M. FREDERICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11603-01S.                    Filed May 27, 2003.

Richard V. Frederick, pro se.

<u>T. Keith Fogg</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years in issue.  Rule references
are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in and penalties with respect to petitioners' Federal income taxes as follows:

| Year | Deficiency | Section 6662(a) Penalty |
|------|-----------|--------------------------|
| 1997 | $11,783 | $2,356.60 |
| 1998 | 3,696 | 739.20 |
| 1999 | 2,310 | 462.00 |

After concessions, the following issues remain for consideration: (1) Whether petitioners are entitled to a non-business bad debt deduction which they claimed in 1997; (2) whether petitioners are entitled to certain miscellaneous itemized deductions for 1997, 1998, and 1999; (3) whether petitioners are entitled to deductions claimed on a Schedule C, Profit or Loss From Business (Sole Proprietorship), included with their 1999 Federal income tax return; and (4) whether petitioners are liable for a section 6662(a) penalty for each year in issue.

## Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely joint Federal income tax return for each year in issue. References to petitioner are to Richard V. Frederick.

In 1996, petitioner was the sole shareholder and an employee of the Bear Cleaning Services corporation. Through this corporation petitioner provided services to Farm Credit. Bear

Cleaning Services apparently charged and billed Farm Credit $2,000 for these services, but the bill was never paid.

In 1997, petitioner was employed as an area manager by Corporate Staffing Resources (CSR). In connection with this employment he regularly traveled throughout southeastern Michigan where petitioners were living at the time. Usually petitioner used one of petitioners' cars for his employment-related travel. When he did, he was entitled to reimbursement by CSR at the rate of $0.24 per mile, claim for which he was required to make on a travel voucher.

Some time during 1997 petitioner traveled by air from Michigan to Arizona to look for a new job. He remained in Arizona for approximately 10 days.

Nancy M. Frederick (Ms. Frederick) was employed as a "kitchen and bath specialist" by Central Michigan Lumber Company (Central) during 1997. In connection with this employment she was required to travel for various reasons to Central's customers or clients, and she did so from time to time during that year. She was reimbursed for her traveling expenses in accordance with Central's "expense policy". According to claims submitted to Central for travel expense reimbursements, she used one of petitioners' cars to travel approximately 2,000 miles during 1997 in connection with her employment.

Starting in February 1998, petitioner began working for Molly Maid, Inc. He worked there throughout 1998. In January 1999, petitioners and their golden retrievers, Morgan and Cujo, moved from Michigan to Virginia where petitioner began to work for Argenbright Security.

Petitioners lived in a house that they rented in Virginia during 1999. Because they had two dogs, their landlord required them to make what petitioner referred to as an "additional" security deposit.

The Leader Dog School for the Blind is located in Rochester Hills, Michigan, about 130 miles from where petitioners resided during 1997 and 1998. From time to time during 1999, petitioners traveled by car from their home in Virginia to Michigan. Petitioner did not keep a mileage log or other records related to the expenses incurred during these trips.

Petitioners owned two cars during the years in issue. According to their automobile insurance policy, one car was insured for "pleasure" use, and the other car was insured "to drive to work or school more than 3 miles but less than 15 miles".

Petitioners' 1997 return was prepared by a paid income tax return preparer. Included with petitioners' 1997 return are the following schedules or forms: (1) Schedule A, Itemized Deductions; (2) Form 2106-EZ, Unreimbursed Employee Business

Expenses; (3) Schedule C for a "kitchen design" business attributable to Nancy M. Frederick; and (4) Schedule D, Capital Gains and Losses. On the Schedule D, petitioners claimed a $2,000 "non business bad debt". On the Schedule C, petitioners reported income of $420, but claimed expenses totaling $12,763, resulting in a net loss of $12,343. All but $600 of the expenses are identified and deducted on the Schedule C as "car and truck expenses". On the Schedule A, petitioners claimed deductions for what are described as "Form 2106 (Taxpayer)" expenses of $22,024 and "job hunting expenses" of $3,000.[1] The Form 2106-EZ relates to petitioner's employment with CSR. On that form petitioners indicate that petitioner traveled 58,444 miles in connection with his employment and claimed a deduction for that travel based upon the standard mileage rate of $0.315 per mile. They also listed other unspecified "business expenses", other than expenses for meals and lodging, of $3,614 on the Form 2106-EZ.

Petitioners' 1998 return was prepared by petitioner. Included with that return is a Schedule C for a business named Morgan Farms, the business of which is described as "raising seeing eye dogs". Nancy M. Frederick is identified as the sole proprietor of Morgan Farms. As noted, one of petitioners' golden retrievers is named Morgan. On this Schedule C, petitioners

---

[1] References to deductions claimed on a Schedule A for any year in issue do not take into account sec. 67.

reported income of $270 and claimed expenses totaling $8,692, resulting in a net loss of $8,422. All but $200 of the expenses are identified and deducted as "car and truck expenses". There is also a Schedule A included with petitioners' 1998 return. On that schedule petitioners claimed a $1,837 deduction for unreimbursed employee business expenses related to petitioner's employment with Molly Maid, Inc. Petitioners did not include a Form 2106 with their 1998 return.

Petitioners' 1999 return was also prepared by petitioner. Included with that return is a Schedule C for Morgan Farms. For that year the business is described as "training/breeding leader dogs", and petitioner, rather than Nancy M. Frederick is identified as the sole proprietor. On that Schedule C, petitioners claimed deductions totaling $6,884, resulting in a net loss of the same amount. The expenses are identified as "car and truck expenses" totaling $5,902, and "veterinary care" fees of $982. There is also a Schedule A included with petitioners' 1999 return. On that schedule, petitioners claimed an "other miscellaneous" deduction of $1,400. That deduction relates to the "additional" security deposit that petitioners' landlord required in connection with the house they rented in Virginia.

In the notice of deficiency for 1997, respondent (1) disallowed the bad debt deduction claimed on the Schedule D; (2)

disallowed the miscellaneous itemized deductions claimed on the Schedule A; (3) disallowed the expenses claimed on the Schedule C; (4) imposed a section 6662(a) penalty upon the ground of negligence; and (5) made other adjustments that are not in dispute.

In the notice of deficiency for 1998, respondent (1) disallowed the miscellaneous itemized deductions claimed on the Schedule A; (2) disallowed the expenses claimed on the Schedule C; (3) imposed a section 6662(a) penalty upon the ground of negligence; and (4) made other adjustments not in dispute.

In the notice of deficiency for 1999, respondent (1) disallowed the "other miscellaneous" deduction claimed on the Schedule A; (2) disallowed the expenses claimed on the Schedule C; and (3) imposed a section 6662(a) penalty upon the ground of negligence.

## Discussion

Nancy M. Frederick did not sign the stipulation of facts filed in this case and she did not appear at trial. An order dismissing this case as to her for lack of prosecution will be issued. The decision entered as to her will reflect the resolutions of the issues decided in this opinion, as well as those matters otherwise agreed to between petitioner and respondent.

At trial, petitioner made the following concessions: (1) For 1997, the miscellaneous itemized deduction claimed for car and truck expenses incurred by petitioner as an employee of CSR is overstated to the extent that petitioners failed to take into account mileage reimbursements paid to petitioner by CSR (according to the stipulation of facts, the deduction, if otherwise allowable, is limited to $4,383.30); and (2) for 1997 and 1998, petitioner concedes that petitioners are not entitled to the deductions claimed on the Schedules C.

All of the issues in this case arise from the disallowance of deductions claimed on petitioners' Federal income tax returns. As has been noted in countless cases, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). With the exception of the discussion relating to the section 6662(a) penalty, this fundamental principle of Federal income taxation informs our analysis and resolution of each of the disputed issues in this case as set forth below.[2]

---

[2] Respondent bears the burden of production with respect to the imposition of the sec. 6662(a) penalty for each year in issue. Sec. 7491(c). Otherwise, under the circumstances, petitioner bears the burden of proof on all issues in this case. Sec. 7491(a); Rule 142(a).

## 1997 Bad Debt Deduction

Petitioners claimed a $2,000 nonbusiness bad debt deduction on their 1997 joint Federal income tax return. In general, there is allowed as a deduction "any debt which becomes worthless within the taxable year." Sec. 166(a)(1). It is axiomatic that such deductions, if otherwise allowable, are allowed to the taxpayer to whom the debt is owed. In this case, it is clear from petitioner's presentation that the debt, if any, that forms the basis of the bad debt deduction here in dispute was owed to petitioner's wholly owned corporation and not to petitioner. For Federal income tax purposes, petitioner and that corporation are separate entities, see Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943), and petitioner is not entitled to deductions that might otherwise be allowable to the corporation. See Hewitt v. Commissioner, 47 T.C. 483, 488 (1967); Willits v. Commissioner, T.C. Memo. 1999-230. Respondent's disallowance of the bad debt deduction claimed on petitioners' 1997 return is sustained.

## 1997 Miscellaneous Itemized Deductions

On a Schedule A included with their 1997 return, petitioners claimed miscellaneous itemized deductions for unreimbursed employee business expenses totaling $22,024 and job hunting expenses of $3,000. The admittedly overstated unreimbursed employee business expense deduction is, in large part,

attributable to car expenses.  The deduction for job hunting expenses relates to the cost of airfare and other traveling expenses incurred when petitioner traveled from Michigan to Arizona to look for a new job.  Authority for deducting these types of expenses is found in section 162(a), which, in general, allows "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business", including a taxpayer's trade or business as an employee.  See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  Deductions for travel and transportation expenses otherwise allowable under section 162(a), however, are subject to strict substantiation requirements, see sec. 274(d)(1); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985), which petitioners have failed to satisfy.

It is not clear whether the section 274(d) substantiation requirements are applicable to the portion of the unreimbursed employee expense deduction identified on the Form 2106-EZ as "business expenses", since those expenses are neither specifically described on petitioners' return nor explained by petitioner at trial.  Petitioners' failure to explain the deduction is grounds for its denial.  Petitioners are not entitled to the miscellaneous itemized deduction claimed on their 1997 Federal income tax return, and respondent's disallowance of that deduction is sustained.

## 1998 Miscellaneous Itemized Deduction

On a Schedule A included with their 1998 Federal income tax return, petitioners claimed a $1,837 deduction for unreimbursed employee business expenses. According to petitioner, this deduction relates to cellular telephone and other unspecified expenses incurred by him as an employee of Molly Maid, Inc. Deductions for cellular telephone expenses, if otherwise allowable, are also subject to the substantiation requirements of section 274(d). See sec. 274(d)(4); sec. 280F(d)(4)(A)(v); Brodsky v. Commissioner, T.C. Memo. 2001-240. Petitioners did not attach a Form 2106 to their 1998 return, nor did petitioner maintain any records of the expenses to which the deduction relates. Therefore, petitioners are not entitled to the miscellaneous itemized deduction claimed on their 1998 return because they have failed to satisfy the substantiation requirements necessary to support such a deduction. To the extent that the deduction includes expenses not subject to section 274(d), they have failed to otherwise establish entitlement to a deduction for the unspecified and unexplained expenses. Respondent's disallowance of the miscellaneous itemized deduction claimed on petitioners' 1998 return is sustained.

### 1999 Other Miscellaneous Deduction

On a Schedule A included with petitioners' 1999 Federal income tax return, petitioners claimed an "other miscellaneous" deduction of $1,400. The expenditure to which the deduction relates is the "additional" security deposit that petitioners' landlord required with respect to the house they rented in Virginia. As we view that matter, the security deposit required for petitioners' rented residence is a personal living or family expense, the deduction of which is prohibited by section 262. Respondent's disallowance of this deduction is sustained.

### 1999 Schedule C Deductions

Petitioners' 1999 Federal income tax return includes a Schedule C for Morgan Farms, the business of which is identified as "training/breeding leader dogs". Petitioner is listed as the sole proprietor of this business. According to petitioner's testimony at trial, petitioners intended to raise or train leader dogs. Petitioner's plan in some manner or another involved the Leader Dog School for the Blind located in Rochester Hills, Michigan and petitioners' two golden retrievers. The deductions claimed on the Schedule C are for travel expenses between Michigan and petitioners' residence in Virginia, and for veterinary fees. Petitioner did not keep a mileage log or other records related to the expenses incurred for these trips.

As previously noted, section 162(a) generally allows deductions for ordinary and necessary expenses paid or incurred in carrying on the taxpayer's trade or business. Petitioners claim that Morgan Farms was a trade or business during 1999, but petitioner's vague testimony on the point compels us to conclude otherwise. Petitioner conceded entitlement to the deductions attributable to Morgan Farms that petitioners claimed on their 1998 return--he should have made a similar concession for 1999. Petitioners are not entitled to the deductions claimed on the Schedule C included with their 1999 return. Respondent's disallowances of those deductions are sustained.

## Section 6662(a) Penalty

For each year in issue, respondent imposed a penalty under section 6662(a) on the ground that the underpayment of tax required to be shown on petitioners' return is due to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). It is further defined as the failure to do what a reasonable person with ordinary prudence would do under the same or similar circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard is defined to include any careless, reckless, or intentional disregard. Sec. 6662(c). An accuracy-related penalty is not imposed with respect to any

portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Whether a taxpayer acts with reasonable cause and in good faith depends on the relevant facts and circumstances, including the extent of the taxpayer's effort to properly assess the tax liability. See sec. 1.6664-4(b)(1), Income Tax Regs.

Given the facts and circumstances surrounding each of the deductions here in dispute, we are satisfied that petitioners failed to make a reasonable attempt to ascertain the correctness of those deductions. See sec. 1.6662-3(b)(1), Income Tax Regs. We find that the underpayment of tax required to be shown on petitioners' return for each year in issue is due to negligence. Respondent's determinations that petitioners are liable for a section 6662(a) penalty upon that ground for each year in issue are sustained.

Reviewed and adopted as the report of the Small Tax Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.