T.C. Summary Opinion 2004-49


UNITED STATES TAX COURT


CARL ALBERT AND LORRAINE ROUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2266-03S.            Filed April 16, 2004.


Carl Albert Rouse and Lorraine Rouse, pro sese.

<u>Michael S. Hensley</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $8,372 for the taxable year 1999. In his answer, respondent seeks an increased deficiency of $8,904.

The issue for decision is whether petitioners are entitled to deduct certain expenses related to research activity by petitioner Carl Albert Rouse (petitioner).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Del Mar, California, on the date the petition was filed in this case.

During the year in issue, petitioner was involved in physics research activities based out of his residence. In conducting this research, petitioner used computer resources located at the University of California, San Diego. Petitioner, who had left his salaried position in order to conduct research at home, has published many articles in his research field. Petitioner did not receive any income during the year in issue related to his research activity.

During the year in issue, petitioner was the sole shareholder and president of a corporation known as Rouse Research Incorporated (RRI). RRI was incorporated in California on November 25, 1992, as a nonprofit corporation.

Petitioners filed a joint Federal income tax return for taxable year 1999. On their return, petitioners claimed miscellaneous itemized deductions for expenses of $32,089. These expenses were for unreimbursed employee business expenses of $154 and "other expenses" of $31,950. The "other expenses" were for "safe deposit box, invest., professional, misc." Petitioners also filed a Schedule C, Profit or Loss From Business, which listed RRI as the name of the business and petitioner as the proprietor thereof. Petitioners reported zero income from RRI, and they claimed deductions for car and truck expense of $2,200, commission and fee expense of $10, and supply expense of $450.

In the notice of deficiency, respondent's sole adjustment was to disallow in full the miscellaneous itemized deductions. In his answer, respondent asserts that petitioners are not entitled to deduct the expenses claimed on the Schedule C. Respondent admits in his answer that the notice of deficiency is incorrect insofar as it did not allow petitioners a standard deduction of $8,900[1] in lieu of their allowed itemized deductions of $8,157.

Petitioners argue that they are entitled to miscellaneous itemized deductions for the following expenses:

---

[1]Petitioners are entitled to the standard deduction of $7,200 for joint filers, plus an additional amount of $1,700 for taxpayers aged 65 or over. Sec. 63(c), (f); Rev. Proc. 98-61, sec. 3.05(1), (3), 1998-2 C.B. 811, 815.

| | |
|---|---|
| Professional fees | $154 |
| Copying expense | 449 |
| Telephone expense | 180 |
| Car expense | 2,200 |
| House expense | 24,000 |
| Safe deposit box | 15 |
| Total | $26,998 |

Petitioners also argue that they are entitled to the business expenses claimed on the Schedule C--car and truck expense of $2,200, commission and fee expense of $10, and supply expense of $450.

Respondent bears the burden of proof with respect to the increased deficiency. Rule 142(a)(1). However, we decide this case based on the record, without regard to the burden of proof. See sec. 7491(a).

A corporation formed for legitimate business purposes is an entity separate from its shareholders, and the business of the corporation is separate and distinct from the business of its shareholders. Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943); Deputy v. du Pont, 308 U.S. 488, 494 (1940). Consequently, a shareholder generally is not entitled to a deduction for the payment of corporate expenses. Deputy v. du Pont, supra; Hewett v. Commissioner, 47 T.C. 483 (1967). The Schedule C that petitioners filed with their return listed petitioner's corporation, RRI, as the name of his business. To the extent that the expenses listed on the Schedule C--as well as the research-related expenses claimed as itemized deductions--

were in fact expenses incurred by or on behalf of RRI, such expenses are expenses of that corporation and are not deductible by petitioners on their individual return.

During petitioners' testimony regarding the operation of RRI and certain research-related expenses which were incurred, he interchangeably referred to the corporation and the Schedule C business. If indeed these expenses were incurred in a trade or business which was separate from the trade or business of the corporation, petitioners are not entitled to either the research-related miscellaneous itemized deductions or the Schedule C deductions for the reasons discussed below.

A taxpayer generally may deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on his trade or business. Sec. 162(a). A taxpayer is engaged in a trade or business if the taxpayer is involved in the activity with continuity and regularity and with the primary purpose of making a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). A taxpayer also is "allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year * * * for the production or collection of income". Sec. 212(1). However, a taxpayer generally may not deduct personal, living, or family expenses. Sec. 262(a).

We first address petitioners' miscellaneous itemized deduction for "house expense" of $24,000. Petitioners calculated

the amount of this expense by estimating the value of their house to be $5 per square foot.  They argue that petitioner used a portion of their residence for his research activity.

As a general rule, a taxpayer may not deduct an expense related to the use of his personal residence unless the expense is of a type that is specifically allowed as a deduction, such as mortgage interest under section 163(a) and (h) or State and local property taxes under section 164(a).  Sec. 280A(a) and (b).  Also allowable as deductions are certain expenses related to income-producing rental or business activities.  Sec. 280A(c).  For such expenses to be deductible, the related use of the residence must fit into one of several categories specified in section 280A(c).  The only category that is arguably applicable to the case at hand is where a portion of the home is used exclusively on a regular basis as the principal place of business for the taxpayer's trade or business.  Sec. 280A(c)(1)(A).  However, regardless of whether petitioner's use of his personal residence fits within this category, petitioner does not meet a final requirement of section 280A:  A taxpayer in petitioner's situation may not deduct any amount for the business use of his home if the taxpayer derived no gross income from such business use.  Sec. 280A(c)(5).  In other words, such a taxpayer cannot claim a loss in a business activity based solely on the use of his home.  Id.  Because petitioner did not receive any income from his research activity

during the year in issue,[2] petitioners may not deduct any expenses for the business use of their home during that year. Id.

We next address the Schedule C deductions claimed by petitioners. A taxpayer must keep records sufficient to establish the amounts of the items required to be shown on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that, unless the taxpayer

---

[2]Petitioners argue that petitioner's ability to use the computer resources at the university without charge was "income". Even if this were so, however, petitioners' taxable income would not be affected in their favor. Any such income would be includable in petitioners' gross income under sec. 61(a), and would only be offset by a sec. 280A(c) deduction to the extent of that income.

complies with certain strict substantiation rules, no deduction is allowable (1) for traveling expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property. Listed property includes passenger automobiles and other property used as a means of transportation. Sec. 280F(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

In order to substantiate the amount of expenses for listed property, a taxpayer must establish the amount of business use and the amount of total use for such property. Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985). With respect to the use of automobiles, in order to establish the amount of an expense the taxpayer must establish the amount of business mileage and the amount of total mileage for which the automobile was used. Id. The taxpayer may substantiate the amount of mileage by adequate records or by sufficient evidence corroborating his own statement. Sec. 274(d). A record of the mileage made at or near the time the automobile was used, supported by documentary evidence, has a high degree of credibility not present with a subsequently prepared statement. Sec. 1.274-5T(c)(1), (2), and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners base the amount of the Schedule C car expense on estimates they made after the mileage was incurred--the only documentary evidence provided by petitioners is a summary prepared in anticipation of trial and dated several years after the actual use of the car.  Petitioners likewise did not present any reliable substantiation of the commission, fee, and supply expenses reported on their Schedule C.  We conclude that petitioners have not substantiated these expenses and therefore are not entitled to any deductions therefor.  Secs. 274(d), 6001.[3]

Petitioners admit that the car and truck expense on the Schedule C is the same expense that is listed as a miscellaneous itemized deduction.  Petitioners are not entitled to a miscellaneous itemized deduction for this expense for the same reasons that they are not entitled to the Schedule C deduction.

The remaining deductions claimed by petitioners are the miscellaneous itemized deductions for the professional fees, copying expense, telephone expense, and safe deposit box.  Because these expenses total less than 2 percent of petitioners'

---

[3]Based on our holding, we need not reach respondent's argument that petitioner was not engaged in the research activity for profit within the meaning of sec. 183(a).  See also Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987) (stating that a taxpayer is engaged in a trade or business if the taxpayer is involved in the activity with the primary purpose of making a profit).  Likewise, we need not consider whether the research expenses were startup expenditures under sec. 195(c).

adjusted gross income, they are not allowed as deductions pursuant to section 67(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent in the amount of the increased deficiency</u>.